467 A.2d 31

**COMMONWEALTH of Pennsylvania**

**v.**

**Theodore BIGGS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1983.

Filed Oct. 21, 1983.

Patrick J. Flannery, Wilkes-Barre, for appellant.

Robert J. Gillespie, Jr., District Attorney, Wilkes-Barre, for Com., appellee.

Before BROSKY, CIRILLO and LIPEZ, JJ.

LIPEZ, Judge:

In a jury trial, defendant Theodore Biggs was convicted of rape, 18 Pa.C.S. § 3121, and incest, 18 Pa.C.S. § 4302. In this appeal, he contends that the evidence is insufficient to support the jury's verdict on the rape charge. We agree and reverse the judgment of sentence on that charge.

In considering challenges to the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975). The test to be applied in this review of the evidence is whether, accepting as true all the evidence upon which the jury could properly have based its verdict, it is sufficient to prove each element of the crime charged beyond a reasonable doubt. *Commonwealth v. Cheatham*, 429 Pa. 198, 239 A.2d 293 (1968). Assessed by this standard, the record shows that over a period from January 25, 1979 to December 6, 1980, appellant had sexual intercourse with his seventeen-year-old daughter Marion on several occasions. Marion did so because her father told her that the Bible said that "if the mother could no longer provide as a mother, it was up to the oldest daughter, and if she could no longer do it, it would go right down to the last daughter in the family." [N.T. 9] He also told her that if she told anyone about these incidents, he would show people pictures he had taken of her in the nude. He never struck, hit or beat her however, nor did he threaten to do so.

The jury found the defendant guilty on Count 3 of the information, charging him with incest, and Count 2 of the information, charging rape by threat of forcible compulsion that would prevent resistance by a person of reason-

able resolution. It is clear that the two elements of the crime of incest, *viz.*, intercourse with a person within the proscribed degree of relationship and knowledge of that relationship at the time of the intercourse, are proven by this record. We also find the record sufficient to prove two of the elements of the rape charge—that defendant had intercourse with Marion Biggs and that Marion Biggs was not his spouse. The third element of that crime was not proven, however, for there is no evidence that the intercourse was accomplished through threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

The record clearly shows that defendant never used or threatened to use force in inducing his daughter to participate in sexual intercourse. Rather, he asserted a biblical basis for the intercourse and assured his daughter's silence by threats, not of force, but of humiliation. Although this conduct is reprehensible, it is not the conduct proscribed by section 3121 of the Crimes Code, which forbids intercourse by threat of *forcible compulsion.* "The crux of the offense of rape is force and the lack of the victim's consent." *Commonwealth v. Williams,* 294 Pa.Super.Ct. 93, 100, 439 A.2d 765, 769 (1982). We cannot ignore the clear import of the language of section 3121 by upholding defendant's conviction in the absence of any evidence that Marion Biggs submitted to intercourse out of fear of an exercise of force by her father.

We will therefore reverse the judgment of sentence on the rape charge. Moreover, although the conviction for incest is supported by the evidence, it is clear that the sentence imposed by the court may have been influenced by the sentence imposed for rape. We will therefore remand for resentencing on that charge. *See Commonwealth v. Lockhart,* 223 Pa.Super.Ct. 60, 65, 296 A.2d 883, 886 (1972).

Judgment of sentence for rape reversed, and defendant is ordered discharged on that count. Judgment of sentence for incest vacated, and case remanded for resentencing. Jurisdiction is relinquished.