512 A.2d 1216

**COMMONWEALTH of Pennsylvania**

v.

**George STAMBAUGH, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1986.

Filed July 7, 1986.

74

John H. Armstrong, Indiana, for appellant.

Before CIRILLO, President Judge, and DEL SOLE and BECK, JJ.

BECK, Judge:

This is an appeal from a judgment of sentence entered after a jury convicted appellant of raping his minor stepdaughter in violation of Section 3121 of the Crimes Code, 18 Pa.C.S.A. § 3121.

Appellant George Stambaugh and his wife were married in July 1977 and they lived together with his stepdaughter, the complainant, and four other children. Testimony elicited at the trial painted a picture of the family's domestic life as one pervaded by violence and brutality. Appellant's wife testified that she and her children had been severely beaten by him on many occasions. A number of incidents were described where appellant had attacked his stepdaughter, hitting her in a surgical wound with a full beer can, kicking her and fracturing her back, and generally slapping and bruising her. The mother, one of her sons, and the complainant all testified that appellant purposely limited the complainant's social contact with children of her own age in order to keep her "for himself." He told the family that he was having sex with his stepdaughter to "straighten her out" and enable her to "learn about sex."

The appellant now raises the following contentions for our review: (1) that the evidence was insufficient to support the jury's verdict; (2) that the verdict was against the weight of the evidence; and (3) that the trial court erred in allowing the Commonwealth to present the medical testimony of a gynecologist. We find all three of appellant's

contentions to be meritless and therefore affirm the judgment of sentence.

Appellant first maintains that the evidence presented at trial was insufficient to support a conviction of rape because the Commonwealth failed to present evidence of forcible compulsion or the threat of forcible compulsion.[1] In considering challenges to the sufficiency of the evidence, the Court must view the evidence in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Scatena*, 508 Pa. 512, 498 A.2d 1314 (1985); *Commonwealth v. Biggs*, 320 Pa.Super. 265, 467 A.2d 31 (1983). The test to be applied in this review of the evidence is whether, accepting as true all the evidence upon which the jury could properly have based its verdict, it is sufficient to prove each element of the crime charged beyond a reasonable doubt. *Biggs*, 320 Pa.Super. at 267, 467 A.2d at 32.

■ This court has previously established the force or the threat of force necessary to support convictions for rape:

> The force ... need only be such as to establish lack of consent and to induce the woman to submit without additional resistance....

> It is not necessary that the victim be beaten, that the victim cry, that the victim become hysterical, or that she be threatened by a weapon for the crime of rape to occur. The degree of force required to constitute rape is relative and depends upon the facts and particular circumstances of the case. It is not necessary that force be actually applied by the perpetrator to the victim.

*Commonwealth v. Williams*, 294 Pa.Super. 93, 97, 439 A.2d 765, 768 (1982) (citation omitted); *see also Commonwealth v. Plank*, 329 Pa.Super. 446, 478 A.2d 872 (1984). Forcible

---

**1.** Section 3121 defines the elements of the crime of rape as follows:
A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse.
(1) by forcible compulsion;
(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.
18 Pa.C.S.a. § 3121.

compulsion includes not only physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will. *Commonwealth v. Rhodes,* 510 Pa. 537, 553, 510 A.2d 1217, 1225 (1986).

In *Rhodes,* our Supreme Court recently articulated guidelines for determining whether there is sufficient evidence to demonstrate beyond a reasonable doubt that an accused engaged in sexual intercourse by forcible compulsion or by the threat of such forcible compulsion that would prevent resistance by a person of reasonable resolution:

> [A] determination ... will be made in each case based upon the totality of the circumstances that have been presented to the fact finder. *Significant factors to be weighed in that determination would include the respective ages of the victim and the accused,* the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, *the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.* This list of possible factors is by no means exclusive.

*Id.,* 510 Pa. at 555–556, 510 A.2d at 1226–1227, (emphasis added).

■ The facts and circumstances of the case *sub judice* clearly demonstrate that the appellant used force and the threat of force to compel his fourteen year-old stepdaughter to engage in sexual intercourse with him over approximately a two year period. Appellant's relationship with his stepdaughter manifested a pattern of continuing physical abuse. The complainant testified that the appellant "hit" her "lots of times," and that he would do so if she refused to have sex. (N.T. 11/13/84 at 100). She also stated that he threatened to hit her and that she submitted because she "was scared." (N.T. 11/13/84 at 100). The complainant's past experience with her stepfather and his threats of physical force prevented the complainant's resistance; she

reasonably chose intercourse in preference to the beating she would have suffered at the hands of the appellant. The complainant's testimony is unquestionably sufficient to prove beyond a reasonable doubt the element of forcible compulsion or the threat of forcible compulsion. *See e.g., Commonwealth v. Combs,* 298 Pa.Super. 527, 445 A.2d 113 (1982); *Commonwealth v. Thomas,* 254 Pa.Super. 326, 385 A.2d 1362 (1978).

■ Appellant next contends that the jury's verdict was against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict was against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion. *Commonwealth v. Taylor,* 324 Pa.Super. 420, 471 A.2d 1228 (1984). The test is not whether the court would have decided the case in the same way, but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail. *Id.,* 324 Pa.Superior Ct. 425, 471 A.2d at 1230.

■ We find no abuse of discretion in the trial court's denial of the appellant's post-verdict motion for a new trial on the grounds that the jury's verdict was against the weight of the evidence. While the appellant presented a number of character witnesses, the jury could reasonably give greater weight to the complainant's testimony concerning the appellant's behavior towards her. We therefore conclude that the jury's verdict was not so contrary to the evidence as to warrant a new trial.

■ Finally, appellant claims that the trial court should not have permitted a gynecologist to testify that the complainant's hymen was no longer intact (N.T. 11/13/84 at 72–73). Appellant asserts that such testimony prejudiced the jury by suggesting that he was the cause of the broken hymen.

Initially, we note that the testimony is relevant because penetration is one of the elements of the crime of rape that the Commonwealth must prove in order to sustain its burden of proof. *See Commonwealth v. Romanoff,* 258 Pa.Super. 452, 392 A.2d 881 (1978). Furthermore, it is well-established that circumstantial evidence may be used to prove the element of penetration. *Commonwealth v. Usher,* 246 Pa.Super. 602, 371 A.2d 995 (1977). Nonetheless, logically relevant evidence may be excluded when:

> [I]t would so inflame the minds of the jurors that its probative value is outweighed by unfair prejudice. Because no rigid rule might be formulated to embrace the infinite range of evidence which might be proffered, and because the trial judge is in a far superior position to assess any possible prejudicial effect on the jury, we will not reverse the trial court's decision on admissibility absent abuse of discretion.

*Commonwealth v. Stewart,* 304 Pa.Super. 382, 386, 450 A.2d 732, 734 (1982) (citations omitted).

The trial court did not abuse its discretion by admitting the testimony at issue. After establishing that the complainant's hymen was not intact, the appellant's counsel elicited testimony from the gynecologist acknowledging possible causes for the condition of the hymen other than sexual intercourse with the appellant. (N.T. 11/13/84 at 76). Such other possibilities affect the weight to be given the evidence, but do not render it inadmissible. *See e.g. Commonwealth v. McCloughan,* 279 Pa.Super. 599, 605, 421 A.2d 361, 364 (1980) (medical testimony admissible to prove penetration in statutory rape case). At no point during his testimony did the doctor identify the appellant as the person with whom the complainant had engaged in sexual intercourse. Thus, the question of whether the appellant was the cause of the complainant's condition was properly left to the jury, as factfinder, to decide. We find that the gynecologist's testimony was not unduly inflammatory, and that the trial court did not err by admitting it.

Accordingly, we affirm the judgment of sentence.