J-S51008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>MORTIMAH KESSELLY<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br>No. 2038 EDA 2014 |

Appeal from the Judgment of Sentence June 20, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008349-2012

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                FILED OCTOBER 30, 2015

Appellant, Mortimah Kesselly, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial conviction for statutory sexual assault.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows.[2] At approximately 11:00 p.m. on Friday, September 28, 2012, the victim was

---

[1] 18 Pa.C.S.A. § 3122.1(b).

[2] The facts are derived from the transcripts of Appellant's jury trial. Appellant was tried with two codefendants, whose cases are separately on appeal with this Court, but only one set of transcripts was produced. The transcripts were included in the certified record for the case of codefendant Eddie A. Johnson (No. 2190 EDA 2014), but the Delaware County Clerk's Office included a note in the supplemental certified record indicating the transcripts are for use in all three appeals of Appellant and his two co-defendants.

---

*Retired Senior Judge assigned to the Superior Court.

walking home in West Philadelphia. The victim was fifteen years old at the time. At one point, a car pulled up in front of her. The victim claims codefendants Eddie Johnson and Alfred Kulah emerged from the vehicle and physically forced her into the car. Forty-one-year-old Appellant was the driver. Appellant and codefendants took the victim to their apartment in Upper Darby, where all three men took turns having sex with her. On the following day, September 29, 2012, Appellant took the victim to another apartment, where she took a shower. Afterwards, Appellant drove the victim to McDonald's to get food before returning to Appellant and codefendants' apartment. The victim said Appellant subsequently attempted to have the victim perform oral sex on him but she refused. Appellant and the victim then had "regular sex." The victim claimed all of the sexual activity with Appellant and codefendants was against her will. On the morning of September 30, 2012, Appellant was watching television in the same room as the victim. Appellant then left the room. The victim said it was the first time Appellant and codefendants left her alone since they had abducted her. The victim claims she waited approximately five minutes before she ran out of the apartment and called her father, who ultimately found the victim and brought her to a hospital.

The Commonwealth charged Appellant in its amended information with rape, statutory sexual assault, kidnapping, and conspiracy. Following an eight-day trial, a jury convicted Appellant of one count of statutory sexual

assault. On April 16, 2014, Appellant filed a post-trial motion for judgment of acquittal, which the court denied on May 16, 2014. On June 20, 2014, the court sentenced Appellant to a term of incarceration of one (1) year less one (1) day to two (2) years less one (1) day, followed by seven (7) years of probation. Appellant filed a timely notice of appeal on July 18, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE ALL THE ELEMENTS OF THE CRIME OF STATUTORY SEXUAL ASSAULT BEYOND A REASONABLE DOUBT WHERE THE COMMONWEALTH FAILED TO PRESENT ANY TESTIMONY OR OTHER PROOF THAT THE VICTIM WAS SEXUALLY PENETRATED.
>
> WHETHER THE COURT ERRED IN DENYING APPELLANT'S REQUESTED JURY INSTRUCTION REGARDING THE DEFENSE THEORY OF "MISTAKE AS TO AGE" UNDER 18 PA.C.S.A. § 3102.

(Appellant's Brief at 7).

In his first issue, Appellant argues the Commonwealth's evidence vaguely established that Appellant and the victim engaged in some sort of sexual activity that resulted in ejaculation. Appellant contends the victim's testimony, and Appellant's statement to the police, did not describe the specific nature of the sexual activity, *i.e.*, whether penetration occurred. Appellant asserts the victim's statements in two police reports were admitted for impeachment purposes only and cannot be used as substantive evidence

that Appellant and the victim had statutorily defined sexual intercourse. Appellant concludes the evidence was insufficient to support his conviction for statutory sexual assault. We disagree.

The following principles of review apply to a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code sets forth the elements of first-degree felony statutory sexual assault as follows:

**§ 3122.1. Statutory sexual assault**

\*   \*   \*

> **(b) Felony of the first degree.—**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b).  The Crimes Code defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required."  *Id.* § 3101.  The term "sexual intercourse" encompasses vaginal, oral, and anal sex.  ***Commonwealth v. Kelley***, 569 Pa. 179, 186-88, 801 A.2d 551, 555-56 (2002).  Further, "circumstantial evidence may be used to prove the element of penetration."  ***Commonwealth v. Stambaugh***, 512 A.2d 1216, 1219 (Pa.Super. 1986).

Instantly, at the time of the events in question, Appellant was forty-one years old and the victim was fifteen years old.  The victim repeatedly testified at trial that Appellant had "sex" with her.  The victim stated that after Appellant and codefendants initially took her to the apartment, they placed her on a bed; and Appellant "started having sex with [her]."  (N.T. Trial, 3/27/14, at 43.)  The victim stated Appellant and codefendants "took their turns" having sex with her.  *Id.*  The victim testified that the following day, Appellant "had sex with [her] again."  *Id.* at 48.  The victim specified that Appellant "tried to make [her] have oral sex with him," but when she

resisted, they instead had "regular sex." *Id.* at 52-53. The jury could infer that "regular sex," as distinguished from oral sex, referred to vaginal intercourse. Additionally, Detective Brad Ross, who interviewed Appellant following the incident, testified that Appellant admitted he had sex with the victim. Appellant denied having anal sex with the victim but told Detective Ross that the victim did in fact perform "oral sex" on Appellant. (N.T. Trial, 3/31/14, at 78.) Thus, the testimony of the victim and Detective Ross was sufficient for the jury to conclude that Appellant's sexual activity with the victim resulted in "penetration, however slight." *See* 18 Pa.C.S.A. § 3101; *Jones, supra*. Therefore, Appellant's conviction for statutory sexual assault was supported by sufficient evidence.

In his second issue, Appellant argues he reasonably believed the victim was at least sixteen years old at the time of the incident. Appellant asserts two witnesses, who saw the victim in the company of Appellant, testified to their belief that the victim was at least eighteen or twenty years old. Appellant also avers a large photograph of the victim was admitted into evidence, which showed the jury what the victim looked like around the time of the incident. Appellant claims this evidence justified a jury instruction on the "mistake of age" defense. Appellant contends the trial court wrongly determined Appellant was not entitled to that instruction because he presented no evidence regarding his personal belief as to the victim's age. Appellant concludes the court's refusal to charge the jury on the mistake of

age defense entitles him to a new trial. We disagree.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Baker*, 24 A.3d 1006, 1022 (Pa.Super. 2011) (quoting *Commonwealth v. Galvin*, 603 Pa. 625, 651, 985 A.2d 783, 798-99 (2009)). "The trial court has broad discretion in formulating jury instructions, as long as the law is presented to the jury in a clear, adequate, and accurate manner." *Commonwealth v. Lukowich*, 875 A.2d 1169, 1174 (Pa.Super. 2005), *appeal denied*, 584 Pa. 706, 885 A.2d 41 (2005).

> The law is well settled that a trial court is not obligated to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is requested and the evidence presented at trial. However, a defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor.

*Commonwealth v. Bohonyi*, 900 A.2d 877, 883 (Pa.Super. 2006), *appeal denied*, 591 Pa. 679, 917 A.2d 312 (2007) (citation omitted) (holding trial counsel was not ineffective for failing to request "mistake of age" charge where defendant failed to present any evidence in support of mistake of age defense upon which jury could have found in his favor).

Section 3102 of the Crimes Code sets forth the mistake of age defense as follows:

**§ 3102. Mistake as to age**

Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age.

18 Pa.C.S.A. § 3102.

Instantly, Appellant cites the following evidence to support a mistake of age defense. Jayren Kutuakoi testified that he was living with Appellant and codefendants at the Upper Darby apartment during the weekend in question. Mr. Kutuakoi stated he saw the victim in the apartment and she appeared to be between twenty and twenty-five years old. Another defense witness, Sekou Mamoud, testified that Appellant drove the victim to Mr. Mamoud's apartment on September 29, 2012, to use the shower because Appellant's apartment had no hot water. Mr. Mamoud stated that the victim appeared to be at least eighteen years old. Additionally, a photograph of the victim was admitted in evidence. The victim confirmed the photograph showed what she looked like around the time of the incident. Notably, however, Appellant failed to present any evidence of his personal belief as to the victim's age. Appellant also points to no evidence introduced by the Commonwealth concerning his personal belief. Section 3102 required Appellant to prove by a preponderance of the evidence that **he**, not

somebody else, reasonably believed the victim was above the threshold age. *See id.* Appellant's evidence—a photograph of the victim and other people's subjective impressions of the victim's appearance—would be relevant to a reasonableness determination but was insufficient to warrant a mistake of age instruction in the absence of any evidence of Appellant's own belief regarding the victim's age. Evidence of Appellant's actual subjective belief was completely lacking.[3]

Appellant did not have to testify as to his subjective belief to raise a mistake of age defense but he did need to produce some evidence of that belief. The court acknowledged near the end of trial that the evidence of Appellant's personal belief could have come from other sources:

> [I]f you do not get on the stand and testify to what you personally believed, and it has to…be you reasonably

---

[3] Appellant analogizes the defense of mistake of age to self-defense, which also concerns an actor's "reasonable belief," to argue that evidence of a defendant's reasonable belief may come from a source other than the defendant's own testimony. Appellant is correct on that limited point but fails to recognize that in the context of self-defense, our Supreme Court has explicitly stated "reasonable belief" has two components: (1) the actor's subjective belief; and (2) the objective reasonableness of that belief. Evidence of both is required. *See Commonwealth v. Mouzon*, 617 Pa. 527, 551, 53 A.3d 738, 752 (2012) (stating: "The requirement of a reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant 'must have acted out of an honest, bona fide belief that he was in imminent danger,' which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis"). Thus, Appellant's analogy to the law of self-defense undermines his own argument.

believe[d] that the alleged victim in this case was over 16 years of age.  Unless you do that,… I will not read the [mistake of age] instruction.  I will not read this.  This is what I would ordinarily read if you got on the stand and said—and testified to the fact that…when I met this girl, and I'm going to follow up on this, through conversation I had with her and other surrounding circumstances around—I reasonably believed that she was over 16 years of age.  **There are other ways to do it, and I'm not saying this exists.  There could have been a showing you of a phony ID card.  It's not in evidence.  There's nothing in evidence here and it's never been talked about or other ways that you could have reasonably believed but we don't have that** and…the [c]ourt is ruling that unless we [have] it from you, evidence of that nature, you will not get the following charge that has previously been requested of this [court]…to give this jury….

(N.T. Trial, 4/2/14, at 202-03) (emphasis added).  Absent evidence from any source that Appellant personally believed the victim was at least sixteen years old, the court properly denied Appellant's request for a mistake of age jury instruction.  ***See*** 18 Pa.C.S.A. § 3102; ***Bohonyi, supra***.  Based on the foregoing, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015

- 10 -