J-S14022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.L. | : | |
| | : | |
| Appellant | : | No. 3680 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 29, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011782-2016

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                               **FILED APRIL 20, 2020**

Appellant, R.L., appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for rape, unlawful contact with a minor, statutory sexual assault, sexual assault, corruption of minors, terroristic threats, and indecent assault.[1]  We affirm.

In its opinion, the trial court sets forth the relevant facts of this case as follows:

> [On January 17, 2016,] Appellant, a family friend, sexually assaulted the fourteen-year-old [Victim] in the middle of the night while her mother was at work.  The incident began when Appellant, who was high off "wet" entered the bedroom [Victim] shared with her sisters, demanding they wake up and prepare food for him.  [Victim] woke up, went

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 6318(a)(1), 3122.1(b), 3124.1, 6301(a)(1)(ii), 2706(a)(1), and 3126(a)(1), respectively.

downstairs to prepare a plate of leftovers for Appellant, and sat to chat with him for a bit. As [Victim] attempted to go upstairs to return to bed, Appellant grabbed her arm and subsequently yanked her over to the couch, restrained her by the arms, pulled down her pajama pants, and penetrated her vaginally [with his penis]. [Victim] verbally and physically protested the assault. Appellant ejaculated "a white discharge or something" into a bag on the floor which he threw in the trash. It appears the assault terminated when [Victim]'s stepfather called downstairs inquiring, "[W]ho is that?" [Victim] responded, "[I]t is me," but failed to implicate Appellant because he threatened her not to tell. The sexual assault left [Victim] with vaginal pain for a day, and bleeding for two days.

[Victim] did not immediately disclose the assault because of Appellant's threat to harm her if she did. A year after the incident [Victim] disclosed [the assault] to Appellant's sister who alerted [Victim]'s mother. Thereafter, [Victim] was taken to Philadelphia Children Alliance ("PCA") for an interview and received a medical exam.

(Trial Court Opinion, filed July 3, 2019, at 2) (internal citations to record omitted).

Procedurally, Appellant proceeded to a bench trial on June 4, 6, and 11, 2018. On June 11, 2018, the court convicted Appellant of one count each of rape, unlawful contact with a minor, statutory sexual assault, sexual assault, corruption of minors, terroristic threats, and indecent assault. The court sentenced Appellant on August 29, 2018, to an aggregate term of five (5) to ten (10) years' incarceration, plus ten (10) years' probation. The court also informed Appellant of his lifetime obligation to report and register as a sexual offender under SORNA. Appellant filed no post-sentence motions or notice of appeal.

On November 8, 2018, Appellant timely filed through counsel his first petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his direct appeal rights *nunc pro tunc*. Appellant did not request, however, restoration of his post-sentence motion rights *nunc pro tunc*. On December 18, 2018, the PCRA court restored only Appellant's direct appeal rights *nunc pro tunc*, without also reinstating his post-sentence motion rights *nunc pro tunc*. Appellant timely filed a notice of appeal *nunc pro tunc* on December 21, 2018.

This Court dismissed the appeal on February 15, 2019, for failure to file a docketing statement. On February 25, 2019, Appellant filed in this Court an application to reinstate the appeal, which this Court granted on March 8, 2019. The trial court ordered Appellant on March 25, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on May 10, 2019, following an extension.

Appellant raises the following issue for our review:

> WHETHER THE VERDICT [WAS] AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHEN THE TRIAL COURT CONVICTED APPELLANT OF RAPE, UNLAWFUL CONTACT, CORRUPTING THE MORALS OF A MINOR, TERRORISTIC THREATS AND SEXUAL ASSAULT, BASED ON VICTIM TESTIMONY THAT WAS BOTH WEAK AND FLAWED AND APPELLANT'S TESTIMONY WAS STRONG[?]

(Appellant's Brief at 5).

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607.  Challenges to the Weight of the Evidence**

(A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1)  orally, on the record, at any time before sentencing;

(2)  by written motion at any time before sentencing; or

(3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted).

Additionally, where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well.  ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009).  Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* **if the defendant pleads and proves** he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel.  ***Id.*** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review).  ***See also Commonwealth v. Rivera***, 154 A.3d 370

(Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (stating PCRA court properly restored appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise required preservation in trial court).

Instantly, Appellant failed to raise an objection to the weight of the evidence in the trial court. **See Gillard, supra**; Pa.R.Crim.P. 607. Appellant also did not request in his PCRA petition reinstatement of his post-sentence motion rights *nunc pro tunc* or indicate that he sought to raise on appeal a claim requiring preservation in the trial court. **See Liston, supra**. Therefore, Appellant's weight claim is waived. **See Commonwealth v. Sherwood**, 603 Pa. 92, 110, 982 A.2d 483, 494 (2009), *cert. denied*, 559 U.S. 1111, 130 S.Ct. 2415, 176 L.Ed.2d 932 (2010) (holding where appellant fails to preserve weight of evidence challenge in trial court, weight claim is waived because appellate court has nothing to review); **In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the

Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code defines rape, in relevant part, as follows:

**§ 3121.  Rape**

**(a)      Offense defined.**—A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1)    By forcible compulsion.

18 Pa.C.S.A. § 3121(a)(1).  The Crimes Code defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.  The term "sexual intercourse" encompasses vaginal, oral, and anal sex.  *Commonwealth v. Kelley*, 569 Pa. 179, 186-88, 801 A.2d 551, 555-56 (2002).  Further, "circumstantial evidence may be used to prove the element of penetration."  *Commonwealth v. Stambaugh*, 512 A.2d 1216, 1219 (Pa.Super. 1986).

Section 6318 provides in part:

**§ 6318.  Unlawful contact with minor**

**(a)    Offense defined.—**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

> (1)    Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

\*    \*    \*

**(c)    Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\*    \*    \*

"Contacts."  Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S.A. § 6318(a)(1), (c).  A person commits an offense under Section 6318 when he intentionally contacts a minor within the Commonwealth for the purpose of engaging in a prohibited activity.  18 Pa.C.S.A. § 6318.  Prohibited activity includes any sexual offense enumerated in Chapter 31 of the Crimes Code.  *Id.*  Further, Section 6318 defines "contacts" as direct communication by any means, including in person.  *Id.*  This Court has held that certain nonverbal conduct also qualifies as "contact" under Section 6318.  ***See***

***Commonwealth v. Oliver***, 946 A.2d 1111, 1113 (Pa.Super. 2008), *appeal denied*, 599 Pa. 690, 960 A.2d 838 (2008) (holding defendant "contacts" victim where defendant, lying in bed, nudges victim in her back with his foot, pulls bedcovers below his bellybutton, points toward his penis, raises his eyebrows, and winks at victim). ***See also Commonwealth v. Velez***, 51 A.3d 260, 267 (Pa.Super. 2012) (holding that contact element of unlawful contact with minor was met with reasonable inference that defendant directed nine-year-old victim, either verbally or nonverbally, to undress and to position herself in sexual way).

The Crimes Code sets forth the elements of first-degree felony statutory sexual assault as follows:

> **§ 3122.1. Statutory sexual assault**
>
> \* \* \*
>
> **(b) Felony of the first degree.**—A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b). Section 3124.1 defines sexual assault as follows:

> **§ 3124.1 Sexual assault**
>
> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1. The Crimes Code defines the offense corruption of minors, in relevant part, as follows:

**§ 6301. Corruption of minors**

**(a) Offense defined.**—

(1)(i) …

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1).

Section 2706 defines terroristic threats, in part, as follows:

**§ 2706. Terroristic threats**

**(a) Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize another[.]

18 Pa.C.S.A. § 2706(a)(1). "Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense." ***Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa.Super. 2003). "Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security." ***Id.*** When specific intent is an element of a crime, it must be the actor's conscious object to engage in conduct of that nature **or**

to cause such result. 18 Pa.C.S.A. § 302(b)(1)(i). "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." **Reynolds, supra** at 726.

Instantly, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gwendolyn N. Bright, we conclude Appellant's sufficiency claim merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's challenge to the sufficiency of the evidence. (**See** Trial Court Opinion, dated July 3, 2019, at 3) (finding: evidence was sufficient to support verdict; Victim credibly testified to circumstances of rape; Victim explained Appellant pulled her to couch, restrained her arms, removed her pants, penetrated her vagina with his penis, and ejaculated into bag; Victim detailed vaginal pain and bleeding she experienced in days after rape; Victim also said she did not report rape immediately, because Appellant threatened to harm her if she reported incident; further, Victim described situations where Appellant made inappropriate comments to her and her sisters, offered them favors and gave them gifts). The record supports the trial court's rationale. **See Jones, supra**. Accordingly, Appellant's challenge to the weight of the evidence is waived; and we affirm on the basis of the trial court opinion as to Appellant's sufficiency issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/20

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

FILED

2019 JUL -3 PM 12: 43

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0011782-2016

:

:

:

v.     :

:

:

R.L.     : SUPERIOR COURT OF PENNSYLVANIA
    :    3860 EDA 2018



R.L.

CP-51-CR-0011782-2016 Comm. v
Opinion

8297020691

OPINION

BRIGHT, J.

On June 11, 2018, the Appellant was convicted of Rape, Unlawful Contact with a Minor,

Statutory Sexual Assault, Corrupting the Morals of a Minor, Terroristic Threats, and Sexual Assault

pursuant to a waiver trial before this Court sitting without a jury. On August 29, 2018 Appellant was

sentenced to a lengthy term of incarceration followed by sex offender probation. A direct appeal was

not filed. However, on December 18, 2018 Appellant's Post Conviction Relief Act (PCRA) Petition

was granted by agreement reinstating appellate rights. This appeal followed on December 26, 2018. On

February 15, 2019 the appeal was dismissed for Failure to Comply with Pa.R.A.P. 3517.

An Order Granting Application to Reinstate Appeal occurred on March 8, 2019. This Court's

March 25, 2019 Pa. R.A.P. 1925(b) Order was not complied with until May 10, 2019 despite efforts to

contact Appellant's Counsel concerning the lateness of compliance.[1] The following 1925(b) issues

were raised:

1. The evidence was insufficient to support the verdict.

---

[1] Specifically, this Court's law clerk was in constant contact with Superior Court due to incorrect phone numbers listed on
Appellate Counsel's documentation and this Court's docketing systems. Once the correct number was acquired, listed as a
cell phone number from documentation years prior, Appellate Counsel was contacted via phone on April 23, 2019,
informing him of his failure to file. Then, when Appellate Counsel failed to file by May 1, 2019, a letter for extension of
time was sent to the Appellate Counsel, granting him until May 10, 2019 to comply.

2. The verdict was against the weight and sufficiency of the evidence.

## FACTS

Appellant, a family friend, sexually assaulted the fourteen year old Complainant (C.B.) in the middle of the night while her mother was at work. N.T. 6/4/18 @ 14-15, 23, 25, 27.[2] The incident began when Appellant, who was high off 'wet' entered the bedroom C.B. shared with her sisters, demanding they wake up and prepare food for him. Id. @ 12-13, 21, 24-25. The Complainant woke up, went downstairs to prepare a plate of leftovers for Appellant, and sat to chat with him for a bit. Id. @ 29, 30, 32. As C.B. attempted to go upstairs to return to bed, Appellant grabbed her arm and subsequently yanked her over to the couch, restrained her by the arms, pulled down her pajama pants and penetrated her vaginally. C.B. verbally and physically protested the assault. Id. @ 13-16, 32-39. Appellant ejaculated "a white discharge or something" into a bag on the floor which he threw in the trash." Id. @ 22-23. It appears the assault terminated when C.B.'s stepfather called downstairs inquiring "who is that." C.B. responded "it is me," but failed to implicate Appellant because he threatened her not to tell. Id. @ 15-16, 18-19. The sexual assault left C.B. with vaginal pain for a day, and bleeding for two days. Id. @ 16.

C.B. did not immediately disclose the assault because of Appellant's threat to harm her if she did. A year after the incident C.B. disclosed to Appellant's sister who alerted the child's mother. Id. @ 19-20. Thereafter, C.B. was taken to Philadelphia Children Alliance (PCA) for an interview, and received a medical exam. Id.

## DISCUSSION

Appellant's first claim challenges the sufficiency of the evidence. While Appellant's 1925(b) statement is deficient as it fails to specify or detail the allegations of insufficiency, this claim is

---

[2] N.T. refers to the Notes of Testimony, followed by the date for preceding held before the Honorable Gwendolyn N. Bright.

meritless based on the record. <u>Commonwealth v. Levy</u>, 83 A.3d 457 (Pa. Super. 2013), stated the well-established standard of review for challenges to the sufficiency of the evidence as follows:

> "A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review the evidence and all reasonable inferences drawn therefrom in the light more favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."

Here, C.B. gave a credible account of what occurred during the assault. C.B.'s account included recalling the smell of drugs 'wet' when Appellant entered her bedroom. Id. @ 12, 21-22. Moreover, C.B. detailed the events leading up to the assault where she prepared food for appellant and sat with him while he ate. Id. @ 13. C.B. was able to describe how the attacks occurred, such as: the yanking to pull her from the stairs to the couch; the restraint of her arms along with the pulling of her pajama bottoms; the pain of the vaginal penetration followed by days of discomfort and bleeding; Appellant's ejaculation of semen into a bag; and the threats of harm which caused her to delay disclosure. Id. @ 12-16, 18-19, 22-23. The Complainant also disclosed situations where Appellant made inappropriate comments to her older sisters, as well as incidences where he offered favors to them and her, such as a cellphone. Id. @ 17. Clearly, there was sufficient evidence to support the verdict.

Appellant next contends that the conviction was against the weight of the evidence, but again, without specificity. In <u>Commonwealth v. Galindes</u>, 786 A.2d 1004 (Pa. Super. 2001), the Court of Pennsylvania elucidated the standard used to evaluate a challenge to the weight of the evidence as follows:

> "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed. An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgement for that of the lower court... Our Court may not reverse a verdict unless it is so contrary to the evidence as to shock ones sense of justice. Finally, the trier of fact while passing

3

upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Our review, therefore, is confined to whether the trial court abused its discretion." Commonwealth v. Galindes, 786 A.2d 1004, supra @1013.

The Commonwealth's evidence was more than sufficient to prove Appellant guilty of the crimes for which he was convicted. C.B.'s account of the ordeal was detailed and credible. The Complainant's testimony was corroborated by her PCA interview, along with the testimony of her mother, S.B. ███████. S.B. ███████ testified to the disclosure, and how, prior to being informed of the incident she and the husband banned Appellant from their home "because he was too playful with the girls and too flirtatious." Id. @ 54-59. The verdict is not contrary to, nor is it against, the weight of the evidence, and the verdict shocks no one's sense of justice. This claim is meritless.

## CONCLUSION

For the foregoing reasons, Appellant is not entitled to relief from his conviction and Judgment of Sentence should be affirmed.

BY THE COURT:

_____

BRIGHT, J.

DATE: 7/3/19

4