J-S75031-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL PATRICK BEACH, | : | |
| | : | |
| Appellant | : | No. 683 WDA 2017 |

Appeal from the Judgment of Sentence April 17, 2017
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000065-2016

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JANUARY 26, 2018

Miguel Patrick Beach ("Beach") appeals from the judgment of sentence imposed after a jury convicted him of rape and aggravated indecent assault.[1] We affirm.

The trial court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein by reference. See Trial Court Opinion, 8/14/17, at 1-5.

In response to Beach's timely Notice of Appeal, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Beach filed a timely Concise Statement, after which the trial court issued a Rule 1925(a) Opinion.

_____

[1] See 18 Pa.C.S.A. §§ 3121(a)(3), 3125(a)(1).

Beach now presents the following issues for our review:

1. Was the evidence legally and factually insufficient to show that [Beach] committed the crimes of rape and aggravated indecent assault beyond a reasonable doubt[?]

2. Was the court[']s sentence excessive[?]

Brief for Appellant at 7 (capitalization omitted).

Initially, we note that Beach has waived his second issue, as he did not (1) set forth any argument supporting this issue in his Argument section; or (2) raise it in his court-ordered Rule 1925(b) Concise Statement. See Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); see also Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").

In his remaining issue, Beach contends that the Commonwealth failed to present sufficient evidence to convict him beyond a reasonable doubt of rape and aggravated indecent assault. See Brief for Appellant at 10-16.

Our standard of review of a sufficiency of the evidence claim is well settled:

Our standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to enable the fact[-]finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

Commonwealth v. Cruz, 71 A.3d 998, 1006 (Pa. Super. 2013) (citation and brackets omitted).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. … Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted). Finally, "the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." Commonwealth v. Melvin, 103 A.3d 1, 40 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines rape, in pertinent part, as follows: "A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant … [w]ho is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring." 18 Pa.C.S.A. § 3121(a)(3).

Aggravated indecent assault is defined, in relevant part, as follows:

Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however

- 3 -

slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3125(a)(1).

Beach contends that "the record is devoid of any evidence to show [that] he [] had sexual intercourse with the alleged victim while she was unconscious." Brief for Appellant at 15. Beach maintains that the testimony of the victim was insufficient to support the jury's verdicts, urging that the victim (1) "testified that she had been drinking heavily on the date of the incident[;]" and (2) could not recall what had transpired during the alleged rape. Id. at 13; see also id. at 14 (wherein Beach points to the testimony of the nurse who performed the rape kit on the victim that the victim had stated that she did not remember the rape). Beach additionally argues that "[t]he Commonwealth failed to prove beyond a reasonable doubt the element of 'lack of consent' necessary to prove the crime of aggravated indecent assault. The alleged victim in the instant case testifie[d] that she does not recall the events of the incident." Id. at 13-14 (some capitalization omitted). Finally, Beach challenges the testimony of the police officer to whom Beach had confessed the rape, Officer Matthew Painter ("Officer Painter"), asserting that, at the time Beach gave the confession, he "was scared and was still under the influence of alcohol ...." Id. at 15.

- 4 -

It is well settled that "[a] rape victim's uncorroborated testimony to pen[ile] penetration is sufficient to establish sexual intercourse and thus support a rape conviction." Commonwealth v. Wall, 953 A.2d 581, 584 (Pa. Super. 2008). Indeed, by statute, the uncorroborated testimony of a sexual assault victim, if believed, alone is sufficient to support a sex offense conviction. 18 Pa.C.S.A. § 3106; see also Commonwealth v. Izurieta, 171 A.3d 803, 807 (Pa. Super. 2017) (observing that "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." (citation omitted)). Here, the jury was well within its province to believe the testimony of the victim, and disbelieve Beach's contrary testimony. See Melvin, supra.

Moreover, there was additional, compelling evidence that could allow the jury to permissibly find Beach guilty of rape and aggravated indecent assault. Beach confessed the crime to Officer Painter. Beach's semen was found inside of the victim's vagina. Further, the victim awoke in Beach's bed with most of her clothes and her tampon removed.

Accordingly, the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was amply sufficient to support the jury's guilty verdicts beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/26/2018

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA,

vs.

MIGUEL PATRICK BEACH,

           Appellant.

   :
   :
   :
   :
   :
   :
   :
   :
   :     No. 65 of 2016

## OPINION IN SUPPORT OF JURY VERDICT

VERNON, J.                                          August 14, 2017

Following a trial by jury, Appellant, Miguel Patrick Beach, was found guilty of rape[1]

and aggravated indecent assault without consent[2]. Appellant was sentenced and the sentence

was then amended to a term of incarceration of six to twelve years on the rape conviction at

Count 1 and no further penalty was imposed for the remaining conviction. Appellant has

appealed to the Superior Court and this Opinion is in support of the jury verdict and sentence

imposed.

On appeal, the Appellant raises the following issue:

(1) Was the evidence insufficient [to] find the Appellant guilty beyond a
reasonable [doubt] of the criminal charges of rape and aggravated indecent
assault?

## STATEMENT OF THE CASE

M       G *(G)* ,a thirty-two year old female, woke only wearing her shirt on the morning

of January 9, 2016, in the bed of Appellant, her ex-coworker, with Appellant lying beside

her. N.T., 1/9/17-1/11/17, at 18-21. The evening prior G    was in the Parks Bar drinking

---

[1] 18 Pa.C.S.A. §3121(a)(3)
[2] 18 Pa.C.S.A. §3125(a)(1)

- 1 -

beer with her friend, Jamie Umbel, when Appellant, who resides in an apartment above the bar, joined the women. *Id.* at 21-23. Appellant invited the two upstairs, and feeling bad for Appellant, G said that she would have one drink upstairs in the apartment. *Id.* at 25. Appellant brought an opened beer bottle to G , and the three took shots of liquor. *Id.* at 27-28. G said that she was going to leave to get cigarettes and Appellant insisted that he would get them for her, leaving the women alone in the apartment, repeating to her to drink her beer. *Id.* at 28-29.

G was in the apartment with her friend when she started feeling disoriented and nauseated. *Id.* at 29. The last thing she remembers is Appellant returning and shaking the cigarettes at her. *Id.* at 30. G woke the morning of January 9, 2016 in Appellant's bed with no recollection of the previous six hours noting that she was only wearing her shirt and specifically that her tampon was removed. *Id.* at 31. G returned home when she decided to go to Uniontown Hospital on the suspicion that she was raped and underwent the testing of a rape kit. *Id.* at 32. G responded to all questions from the medical staff with the answer that she was "unsure" what had occurred because she was unconscious. *Id.* at 42-43. G relayed that she was a heavy drinker, but on that evening only had a couple beers, and that she believed she had been drugged. *Id.* at 44.

Jamie Umbel testified that she met G and Appellant at Parks Casino Bar on the evening of January 8, 2016, and that G was drinking draft beer. *Id.* at 47-52. Umbel confirmed that she and G went upstairs to Appellant's apartment where he served drinks, a beer to G , and then left to get cigarettes. *Id.* at 52-55. Umbel and G remained in the apartment talking and within minutes of finishing her beer, Umbel sat on Appellant's bed in the efficiency apartment looking very sleepy. *Id.* at 55-56. Appellant returned and G was

- 2 -

fully dressed lying on Appellant's bed. *Id.* at 56. Appellant and Umbel began conversing when Umbel realized G    was unconscious. *Id.* Umbel slapped G    across the face, put her fingers in G   's nostrils, and kept repeating, "M    , let's go." *Id.* Umbel explained, "there's no way that we were just having a conversation and speaking, [G   ] takes a couple sips of this beer and she's comatose, like she's not responding to me." *Id.* at 58. Umbel described that she continued to slap G    and that she did not respond. *Id.* at 59. Umbel was not physically strong enough to move G    and asked Appellant for assistance to which he responded that G    was fine, that she had a hard day, that she had a lot going on in her life, and that she was okay. *Id.* Umbel tried for a half hour to wake G    with Appellant repeating that she was okay. *Id.* at 59-60. Appellant "tucked in" G    by pulling the covers over her and then reassured Umbel that she was safe and okay. *Id.* at 61. Umbel then left G    at Appellant's apartment on his bed, fully clothed wearing black leggings and long sweater type shirt. *Id.* at 60-61. G    called Umbel about 7:30 the next morning with an hysterical demeanor. *Id.* at 62.

Ashley Hugland, a Registered Nurse at Uniontown Hospital, was recognized by the Court as an expert certified to administer a rape kit, and was on duty the evening of January 9, 2016, when G    arrived at the hospital. *Id.* at 68-72. G    had little recollection of the events that occurred the evening prior with Appellant, but noted that her tampon was removed through that night so she believed that she had vaginal intercourse. *Id.* at 74. G    stated that Appellant had given her a beer with the cap already off and that she had no recollection after drinking the beer. *Id.* at 78.

Officer Matthew Painter of the Uniontown Police Department responded to the Uniontown Hospital on the suspected rape of G    met with G   , and requested a search

- 3 -

warrant based on the information that she provided. *Id.* at 99-102. Officer Painter executed the search warrant at Appellant's residence where he removed G 's coat, a bottle of Naproxen pills, and sheets from Appellant's bed. *Id.* at 103. Officer Painter advised Appellant that he was not under arrest and asked if he would speak about the night prior and asked Appellant what happened. *Id.* at 104. Appellant stated that after Umbel had left, he removed G 's clothes and began to have inappropriate contact with her while she was sleeping, that he removed her tampon, and had vaginal intercourse by inserting his penis in G while she was not awake. *Id.* at 105. Appellant stated that he did not use protection, and that he only had sex for a few seconds before he realized how wrong it was and he stopped. *Id.* at 106-107.

Following his voluntary statement, Appellant was transported to the Uniontown City Police Department and read his Miranda warnings where he provided Officer Painter with a written statement. *Id.* at 108-112. In the written statement, Appellant admitted that he laid next to G on the bed, took her clothes off, and tried to have sex with her when he stopped and told himself that it was wrong. *Id.* at 112. Appellant wrote that he "felt so bad about it." *Id.*

Zachary Tanczos was recognized as an expert as a forensic scientist in the field of DNA evaluation and testing who testified that he tested samples swabbed from G 's person against a single profile provided to him of Appellant's DNA and gave the opinion that neither Appellant nor his paternally related male relatives could be excluded as the contributor of the DNA found in the vaginal swab from G. *Id.* at 86-94.

- 4 -

With the above principles in mind, we now consider whether the Commonwealth presented sufficient evidence to sustain Appellant's convictions of rape and aggravated indecent assault without consent.

Viewed under the aforementioned standard, and with this law to guide us, we find Appellant's challenge to the sufficiency of the evidence frivolous. A review of the record reveals evidence, sufficient in kind and quality, presented at trial, such that the trier of fact permissibly concluded that Appellant committed the offenses when M   G   was unconscious on his bed, that G  's tampon and clothing had been removed, that Appellant's DNA was located inside G  's vagina, and by also, Appellant's admission to Officer Painter of the Uniontown Police Department. The evidence presented, again as believed by the trier of fact, establishes that the jury found credible the testimony of M   G.  , Jamie Umbel, the expert witnesses, and the policemen and rejected the testimony offered by Appellant. Wherefore, it is respectfully submitted that the entire appeal is without merit and should be denied.

BY THE COURT:

_____ J.
NANCY D. VERNON, JUDGE

DIST/DATE
8-11-17 2:30

DEF_____
DA__I_____
PO____I____
PD__I_____
WARD__I____
SHER_____
CA___I_____
P_____
C_____
E_____
Legal Journal - 1

ATTEST:

_____
CLERK OF COURTS