J-S24038-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

ROBERT PHILLIP GREINER,

Appellant : No. 1316 MDA 2017

Appeal from the Judgment of Sentence February 21, 2017
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0005334-2015

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.
MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018
Robert Phillip Greiner (“Greiner”) appeals from the judgment of
sentence imposed after a jury convicted him of two counts each of
endangering the welfare of children and corruption of minors, and one count
each of involuntary deviate sexual intercourse with a child (‘IDSI”),
aggravated indecent assault, rape of a child, solicitation -— rape of a child,
solicitation -— aggravated indecent assault, indecent assault, and incest of a
minor.? We affirm.
The trial court concisely summarized the relevant factual history in its
Opinion, which we incorporate as though fully set forth herein. See Trial Court
Opinion, 10/17/17, at 3-5. As an addendum, concerning the trial court’s

reference to Nicole Kelly (“Kelly”) on page 5 of its Opinion, Kelly is the

1 See 18 Pa.C.S.A. §§ 4304(a)(1), 6301(a)(1)(ii), 3123(b), 3125(b), 3121(c),
902(a), 3126(a)(7), 4302(b)(1).
J-S24038-18

biological mother of the two minor victims in this case. As part of his defense
at trial, Greiner asserted that his co-defendant and wife, Holly Greiner
(“Holly”), and Kelly had conspired to fabricate the charges against him.

Following Greiner’s arrest, the Commonwealth charged him with the
above-mentioned offenses. The matter proceeded to a jury trial. At the close
of trial, the jury found Greiner guilty of all counts.

On February 21, 2017, the trial court sentenced Greiner to an aggregate
term of 6412 to 129 years in prison. Greiner thereafter filed post-sentence
Motions, challenging the weight and sufficiency of the evidence supporting his
convictions. Following the trial court’s denial of the post-sentence Motions,
Greiner timely filed a Notice of Appeal. In response, the trial court ordered
him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on
appeal, and Greiner timely complied.

Greiner now presents the following challenges for our review:

I. The evidence was insufficient to support the jury’s verdict

as to [IDSI, aggravated indecent assault, rape of a child,
and solicitation —- rape of a child] on the following grounds:
The Commonwealth's evidence was contradictory in and of
itself. Specifically, the testimony of Holly [] was
inconsistent with the testimony of Commonwealth
witness[es] D.C. and H.R. as to what alleged acts [Greiner]
and Holly [] were to have performed on D.C. and H.R.; the
jury verdict was therefore based upon mere assumption,
conjecture and speculation.

II. The jury’s verdict as to [IDSI, aggravated indecent assault,

rape of a child, and solicitation - rape of a child] was
against the greater weight of the evidence in that[] [t]he
Commonwealth’s evidence was contradictory in and of

itself. Specifically, the testimony of Holly [] was
inconsistent with the testimony of Commonwealth

-2-
J-S24038-18

Il.

IV.

witness[es] D.C. and H.R. as to what alleged acts [Greiner]
and Holly [] were to have performed on D.C. and H.R.; the
jury verdict was therefore based upon mere assumption,
conjecture and speculation.

The Trial Court erred in overruling defense counsel’s
objection to the competency of H.R. in that she did not
exhibit that she comprehended the difference between a
truth and a lie.

The Trial Court erred in not permitting the testimony of
Gary Greiner [(“Gary”)] regarding [] Kelly and her previous
accusations of sexual abuse involving a custody issue,
which was relevant to [Greiner’s] assertion that Holly [] had
conspired with [] Kelly to fabricate charges against
[Greiner].

The Trial Court erred in sustaining the objection to
questions regarding Holly [] cheating on [Greiner,] which
was relevant as to her credibility and motivation to be
dishonest.

Brief for Appellant at 4 (issues renumbered).

In his first issue, Greiner alleges that the evidence was insufficient to

support his convictions of rape of a child, IDSI, aggravated indecent assault,

and solicitation — rape of a child. Id. at 16-20.

Concerning rape of a child, Greiner argues that the Commonwealth
failed to carry its burden to prove the element of this offense that he had
penetrated H.R.’s vagina. Id, at 16-17 (citing Commonwealth v. Wall, 953
A.2d 581, 584 (Pa. Super. 2008) (holding that, for purposes of establishing a
rape conviction, “[p]enetration, however slight, with the penis is necessary to

establish the element of sexual intercourse.”) (citation and quotation marks

omitted)). Greiner contends that
J-S24038-18

[t]he Commonwealth’s testimony was contradictory by and
between [its] own witnesses. While H.R. testified that [Greiner]
had sexual intercourse with her, [Emily Huggins (“Huggins”),] the
[] nurse [at York Hospital] who did a thorough [forensic]
investigation of H.R., did not observe any trauma or injury to H.R.
If intercourse would have occurred, given the victim’s age, there
should have been trauma noted to H.R.’s vaginal region. Coupled
with the testimony of [the expert witness that the defense
presented to rebut Huggins’s findings,] Dr. [Suzanne] Rotolo[, |
that trauma most likely would have been present, and [Greiner’s]
credible denial that he did not have sexual intercourse with H.R.,
the jury verdict as to [rape of a child] was not supported by
sufficient evidence.

Brief for Appellant at 18 (some capitalization omitted).

Concerning the IDSI conviction, Greiner argues that the Commonwealth
failed to prove the element that he had orally penetrated H.R.’s genitalia. Id.
at 19 (citing Commonwealth v. Wilson, 825 A.2d 710, 714 (Pa. Super.
2003) (stating that “in order to sustain a conviction for [IDSI], the
Commonwealth must establish the perpetrator engaged in acts of oral or anal
intercourse, which involved penetration however slight.”)). In support of this
claim, Greiner points out that the Commonwealth’s chief witness, Holly, did
not specifically testify that she saw Greiner orally penetrate H.R. Brief for

Appellant at 19.2

2 In his brief, Greiner additionally contends that his IDSI conviction cannot be
upheld because the Commonwealth failed to prove that “the date of
commission of the crime [was] fixed with some reasonable certainty.” Brief
for Appellant at 19 (citing Wilson, 825 A.2d at 715). However, Greiner
waived this claim by failing to raise it in his court-ordered Rule 1925(b)
Concise Statement. See Pa.R.A.P. 1925(b)(4)(vii) (providing that “[i]ssues
not included in the Statement ... are waived.”); accord Commonwealth v.
Lord, 719 A.2d 306, 309 (Pa. 1998).

-4-
J-S24038-18

Concerning his conviction of aggravated indecent assault, Greiner
contends that the Commonwealth failed to prove the element that he had
digitally penetrated H.R.’s genitalia. See Brief for Appellant at 19-20 (citing
Commonwealth v. Castelhun, 889 A.2d 1228, 1233 (Pa. Super. 2005)
(stating that “digital penetration of the genitals or anus is sufficient to satisfy
the crime of aggravated indecent assault.”)). Greiner challenges this element
as follows:

H.R. testified [that Greiner] put his fingers inside her vagina.

While Holly was [alleged] to be present when [Greiner] put his

fingers inside [H.R.], Holly testified that she did not see [Greiner]

put his fingers inside [H.R.] While Holly then changed her story

and said she did see [Greiner] do it, she had also given prior

testimony that she had never seen [Greiner] do anything with his

fingers. Further, as indicated above, there was no trauma noted

to [H.R.’s] vaginal area[,] and [Greiner] denied ever performing

such an act.

Brief for Appellant at 20 (citation to record omitted).

Finally, concerning his conviction of solicitation — rape of a child, Greiner
argues that the evidence was insufficient to support the conviction due to the
contradictory nature of Holly and D.C.’s testimony concerning the alleged act
establishing this crime. See id. (pointing out that “D.C. testified [that], upon
the urging of [Greiner], [D.C.] had sexual intercourse with Holly []. Holly []
testified she did not have sexual intercourse with D.C.”).

We apply the following standard of review when considering a challenge
to the sufficiency of the evidence:

[W]hether[,] viewing all the evidence admitted at trial in the light

most favorable to the verdict winner, there is sufficient evidence
to enable the fact-finder to find every element of the crime beyond

-5-
J-S24038-18

a reasonable doubt. In applying the above test, we may not weigh
the evidence and substitute our judgment for the fact-finder. In
addition, we note that the facts and circumstances established by
the Commonwealth need not preclude every possibility of
innocence. Any doubts regarding a defendant’s guilt may be
resolved by the fact-finder unless the evidence is so weak and
inconclusive that as a matter of law no probability of fact may be
drawn from the combined circumstances. The Commonwealth
may sustain its burden of proving every element of the crime
beyond a reasonable doubt by means of wholly circumstantial
evidence. Moreover, in applying the above test, the entire record
must be evaluated and all evidence actually received must be
considered. Finally, the finder of fact[,] while passing upon the
credibility of witnesses and the weight of the evidence produced,
is free to believe all, or part or none of the evidence.

Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation
omitted).

In its Opinion, the trial court defined each of the relevant offenses
Greiner contests, cogently and thoroughly addressed his_ sufficiency
challenges, and concluded that the Commonwealth established all of the
requisite elements of these offenses beyond a reasonable doubt. See Trial
Court Opinion, 10/17/17, at 7-9, 10-13. We agree with the sound reasoning
and determination of the trial court, as set forth in its Opinion, and therefore
affirm on this basis with regard to Greiner’s sufficiency of the evidence claim.
See id.

In his second issue, Greiner argues that his convictions of IDSI,
aggravated indecent assault, rape of a child, and solicitation — rape of a child
were against the weight of the evidence and shock one’s conscience. See
Brief for Appellant at 11-16; see also id. at 16 (asserting that “[t]he jury’s

verdict was against the weight of the evidence due the contradictory nature

-6-
J-S24038-18

of the Commonwealth’s own witnesses.”). In connection with his weight
challenge to each of these four convictions, Greiner presents identical
arguments as we set forth above concerning his sufficiency challenge to these
convictions. See id. at 13-16. Accordingly, we will not restate the arguments.
Relief on a weight of the evidence claim is reserved for
extraordinary circumstances, when the jury’s verdict is so
contrary to the evidence as to shock one’s sense of justice and the
award of a new trial is imperative so that right may be given
another opportunity to prevail. On appeal, [an appellate] Court
cannot substitute its judgment for that of the jury on issues of
credibility, or that of the trial judge respecting weight. Our review
is limited to determining whether the trial court abused its
discretion[. |
Commonwealth v. Sanchez, 36 A.3d 24, 27 (Pa. 2011) (citations and
quotation marks omitted). Moreover, in reviewing a weight claim, we are
cognizant that “any inconsistencies in the evidence are a matter for the trier
of fact to resolve, and we will not disturb the verdict on that basis.”
Commonwealth v. Lilliock, 740 A.2d 237, 242 (Pa. Super. 1999); see also
Commonwealth v. Hall, 830 A.2d 537, 542 (Pa. 2003).
In its Opinion, the trial court urged that it had properly rejected

Greiner’s weight challenge, stating, inter alia, that

(1) “there is no reasonable argument that the jury mis-weighed
the evidence[, |” Trial Court Opinion, 10/17/17, at 19;

(2) to the extent there were inconsistencies, or vagueness, in
the testimony of the witnesses at trial, this was solely for the
jury to resolve, see id. at 19-20 (citing Lilliock, supra);

(3) it was within the sole purview of the jury to assess the

credibility of the witnesses, see Trial Court Opinion,
10/17/17, at 2; see also Sanchez, supra.

-J-
J-S24038-18

Based upon our review, we conclude that the trial court did not abuse its
discretion in denying Greiner’s weight of the evidence claim, nor does the
jury’s verdict on these heinous crimes shock our collective conscience.
Accordingly, Greiner’s second issue entitles him to no relief.

In his third issue, Greiner argues that the trial court erred when it
overruled his trial counsel's objection concerning the competency of H.R. to
testify. See Brief for Appellant at 21-25. Specifically, Greiner contends that
H.R., who was seven years old at the time of trial, “could not observe and
remember relevant events, and appreciate the duty to tell the truth.” Id. at
21; see also id. at 25 (asserting that H.R. “did not demonstrate the ability to
distinguish between a truth or lie.”).

In its Opinion, the trial court adeptly discussed the law concerning
challenges to a child witness’s competency, and the competency inquiry
concerning H.R., and determined that it properly overruled defense counsel’s
objection. See Trial Court Opinion, 10/17/17, at 20-23. In sum, the trial
court found that “it was clear that H.R. was capable of perceiving accurately,
did not have an impaired memory and sufficiently understood her duty to tell
the truth.” Id, at 23. We agree with the trial court’s determination and
rationale, which is supported by the record. Therefore, as we discern no abuse
of discretion, we affirm on the basis of the trial court’s Opinion regarding this
issue. See id. at 20-23; see also Commonweatth v. D.J.A., 800 A.2d 965,
972, 975 (Pa. Super. 2002) (en banc) (where the child sexual assault victim

was five years old at the time of the crimes, and seven years old at the time

-8-
J-S24038-18

of the competency hearing, holding that the trial court abused its discretion in
finding the victim incompetent to testify since the record disclosed that the
victim was capable of perceiving the crimes accurately and differentiating
between the truth and a lie).

In his fourth issue, Greiner contends that the trial court erred in ruling
that the proposed defense testimony of Gary, Greiner’s brother, to impeach
Holly’s credibility, was irrelevant and inadmissible. See Brief for Appellant at
25-28; see also id. at 26 (asserting that Gary’s proposed impeachment
testimony? would have showed that Holly “may have had some motivation to
exaggerate her testimony or not be truthful.”). Greiner contends that Gary’s
testimony was relevant to “show collusion between Holly [] and [] Kelly as it
related to [Greiner] because of custody issues.” Id. at 28.

Our standard of review concerning a challenge to the admissibility of
evidence is as follows:

[I]n reviewing a challenge to the admissibility of evidence, we will

only reverse a ruling by the trial court upon a showing that it

abused its discretion or committed an error of law. To constitute

reversible error, an evidentiary ruling must not only be erroneous,
but also harmful or prejudicial to the complaining party.

3 Specifically, the defense proffered that Gary would offer testimony that (1)
the mother of Gary’s children had previously accused Gary of child sexual
abuse in connection with a custody dispute involving their children; and (2)
the mother of Gary’s children had briefly resided with Kelly, the mother of the
victims in the instant case. See Brief for Appellant at 27 (referencing N.T.,
10/31/2016-11/03/2016, at 282-83).

-9-
J-S24038-18

Commonwealth v. Schley, 136 A.3d 511, 515 (Pa. Super. 2016) (citation
and ellipses omitted).

Pennsylvania Rule of Evidence 401 defines relevant evidence as
“evidence having any tendency to make the existence of a fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.” Pa.R.E. 401. Rule of Evidence 402
provides that “[e]vidence that is not relevant is not admissible.” Pa.R.E. 402.
It is well settled that “the rule that irrelevant evidence is not admissible is
categorical.” Commonwealth v. Briggs, 12 A.3d 291, 340 (Pa. 2011).

In its Opinion, the trial court set forth the relevant portions of the trial
transcript concerning Gary’s proposed testimony, addressed Greiner’s claim,
and opined that it correctly ruled that such testimony, which pertained to
persons unrelated to Greiner’s crimes, was not relevant. See Trial Court
Opinion, 10/17/17, at 25-27. As we discern no abuse of discretion and agree
with the trial court’s reasoning, we affirm on this basis as to Greiner’s fourth
issue. See id.‘

In his fifth and final issue, Greiner argues that the trial court erred in
sustaining the prosecutor’s objection, on relevance grounds, to defense

counsel’s questioning Holly about her purported infidelity to Greiner during

4 As an addendum, we observe that during Greiner’s trial testimony, he
presented the theory that the defense had sought to establish via Gary’s
proposed testimony, /.e., that Holly and Kelly had colluded to fabricate the
charges against Greiner. See N.T., 10/31/2016-11/03/2016, at 405-06.

-10-
J-S24038-18

their marriage. See Brief for Appellant at 28-29. According to Greiner, this
matter was relevant and “the evidence of Holly [] seeing other men while in a
relationship and being married to [Greiner] was being offered to attack the
credibility of the witness and show she has a motivation to exaggerate or be
untruthful.” Id, at 28.

The trial court concisely addressed this claim in its Opinion, set forth the
relevant portion of Holly’s testimony, and opined that the court properly ruled
that this matter was not relevant. See Trial Court Opinion, 10/17/17, at 28-
29. Moreover, the trial court correctly pointed out that it did permit defense
counsel to cross-examine Holly as to whether she had a boyfriend while
married to Greiner, and whether she was angry at Greiner. See id. at 29;
see also N.T., 10/31/2016-11/03/2016, at 307-08. We conclude that the
trial court properly exercised its discretion in precluding this irrelevant
evidence, and affirm on the basis of its Opinion as to Greiner’s final issue.
See Trial Court Opinion, 10/17/17, at 28-29.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Es¢
Prothonotary

Date: 06/15/2018

-1i-