COMMONWEALTH of Pennsylvania, Appellee

v.

Michael WALL, Appellant.

Superior Court of Pennsylvania.

Submitted April 7, 2008.

Filed July 10, 2008.

Jeffry S. Pearson, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: PANELLA, HUDOCK, and FITZGERALD *, JJ.

PANELLA, J.:

¶ 1 Appellant, Michael Wall,[1] appeals from the judgment of sentence entered on February 11, 2005, by the Honorable Thomas Dempsey, Court of Common Please of Philadelphia County. After careful review, we affirm.

¶ 2 On the night of April 19, 2002, twelve-year-old S.J. and her nine-year-old female cousin A.Y. spent the night at the home of their aunt, Renee Johnson. Johnson was out of the house working a night shift. Wall was Johnson's long time live-in boyfriend and both S.J. and A.Y. knew him. Before both girls had gone to sleep, Wall had periodically visited the house to check on them and to bring them food.

¶ 3 S.J. and A.Y. slept side by side in Johnson's bed. When Wall was in the house, while S.J. was asleep, Wall climbed on top of her, moved her panties to the side, and inserted his penis into her vagina. S.J., awakened by the resulting pain in her vagina, saw Wall moving up and down on top of her. S.J. pushed Wall in the chest and began to cry. Wall immediately stopped, got off of the bed, and put on his clothes. Soon after, Wall left the residence, taking with him all the telephones in the house.

¶ 4 S.J. woke up A.Y. and explained that she had been raped by Wall. Both girls locked themselves in the bedroom until their aunt, Johnson, returned home. S.J. immediately told Johnson that she had been raped, and Johnson contacted S.J.'s mother who then contacted the police. S.J. was taken to Jefferson hospital for a rape kit and other medical attention. Medical evidence revealed a "two millimeter laceration" of S.J.'s hymen. Commonwealth's Exhibit # 10, p. 4. While no sperm was found inside S.J.'s vagina, a police examination discovered sperm on S.J.'s panties. However, D.N.A. analysis excluded Wall as a donor of the sperm.

¶ 5 On August 10, 2002, Sergeant Thomas Rehiel apprehended Wall. Wall was charged with multiple crimes. On September 10, 2004, a bench trial was held before the Honorable Thomas Dempsey. Judge Dempsey found Wall guilty of rape,[2] and on February 11, 2005, pursuant to a mandatory sentencing provision, sentenced him to twenty-five to fifty years imprisonment.[3]

---

* Former Justice specially assigned to the Superior Court

1. During the processing of this case, Appellant is referred to as both "Wall" and "Walls" with no apparent explanation as to which is his correct name. Appellant has at different times given both these spellings of his name. *See* N.T., Trial, 9/10/2004, at 3 ("Walls");

N.T., Post–Sentence Hearing, 5/19/2005, at 7 ("Wall"). In our Opinion we utilize "Wall" for consistency.

2. 18 Pa. Cons.Stat.Ann. § 3121(a),(c).

3. **Sentences for Second and Subsequent Offenses** 42 Pa. Cons.Stat.Ann. § 9714(a)(2).

¶ 6 Subsequently, Wall filed a post-sentence motion raising sufficiency and weight of evidence challenges to his rape conviction. After hearings on May 19, 2005 and May 24, 2005, Judge Dempsey issued an opinion on July 21, 2005, denying Wall's motions. This timely appeal followed.

¶ 7 In his first issue presented on appeal, Wall argues that the evidence presented at the bench trial was legally insufficient to sustain his conviction for rape.[4] In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found every element of the crime charged beyond a reasonable doubt. *See Commonwealth v. Sullivan*, 864 A.2d 1246, 1249 (Pa.Super.2004). We may not weigh the evidence and substitute our judgment for the fact-finder. *See Commonwealth v. Derr*, 841 A.2d 558, 560 (Pa.Super.2004).

¶ 8 Wall argues that the Commonwealth did not prove that he penetrated the victim, S.J., with his penis, and thus could not establish the intercourse element of rape. *See* Appellant's Brief, at 6. However, S.J.'s testimony of penal penetration by itself is sufficient to establish the commission of rape.

¶ 9 A defendant is guilty of rape if he engages in sexual intercourse with a complainant who is unconscious, 18 PA. CONS.STAT.ANN. § 3121(a)(3), or if he engages in sexual intercourse with a complainant who is under the age of thirteen, 18 PA. CONS.STAT.ANN. § 3121(c). Under the rape statute, a victim who was sleeping when sexual intercourse was initiated is considered "unconscious." *Commonwealth v. Price*, 420 Pa.Super. 256, 616 A.2d 681, 683 (1992).

¶ 10 "[P]enetration, however slight," with the penis is necessary to establish the element of sexual intercourse. *Commonwealth v. Trimble*, 419 Pa.Super. 108, 615 A.2d 48, 50 (1992). A rape victim's uncorroborated testimony to penal penetration is sufficient to establish sexual intercourse and thus support a rape conviction. *See Commonwealth v. Poindexter*, 435 Pa.Super. 509, 646 A.2d 1211, 1214 (1994), *appeal denied*, 540 Pa. 580, 655 A.2d 512 (1995). While circumstantial medical evidence is thus not necessary, *see id.*, it may be used to prove the element of penetration. *See Commonwealth v. Stambaugh*, 355 Pa.Super. 73, 512 A.2d 1216, 1219 (1986) (gynecologist testified that the complainant's hymen was no longer intact); *see also* SEXUAL VIOLENCE BENCHBOOK, § 2.2 (1st ed.2007).

¶ 11 Here, S.J. was twelve-years-old at the time of the sexual assault, and she was asleep when the rape began. *See* N.T., Trial, 9/10/04, at 15, 21. S.J. testified that a sharp pain in her vagina woke her up, and that Wall's insertion of his "private parts" into her vagina had caused this pain. *Id.* at 21. Once awake, S.J. saw Wall on top of her "pushing up and down." *Id.* at 22. Consequently, S.J. began to cry and pushed Wall in his chest, after which Wall stopped. *See id.* at 25–26. Furthermore, the medical exam, which found a two

---

**4.** We note that although Wall argues both his sufficiency of the evidence and weight of evidence claims under a single heading and does not meaningfully distinguish between these claims in his analysis, *see* Appellant's Brief, at 9, we will still "separate the issues as much as possible and make our determinations based on the citations and information provided by the Commonwealth and Appellant." *Commonwealth v. Sullivan*, 864 A.2d 1246, 1249 (Pa.Super.2004). Furthermore, because Wall does cite to four cases to establish his claims generally, one of which is directed at his weight claim specifically, in the interests of judicial economy, we decline the Commonwealth's invitation to find the issues waived.

millimeter tear of S.J.'s hymen, is consistent with this testimony. Commonwealth's Exhibit # 10 p. 4. S.J.'s testimony, which medical evidence corroborates, is sufficient to show that Wall had penetrated S.J. with his penis and thus establish the element of intercourse. *See Poindexter*, 646 A.2d at 1214; *Stambaugh*, 512 A.2d at 1219. Therefore, we find that the Commonwealth presented sufficient evidence to sustain Wall's rape conviction.

■ ¶ 12 Wall argues that S.J.'s testimony does not show whether it was his penis or finger that penetrated her. *See* Appellant's Brief, at 9. We agree that "digital penetration" of the vagina is not sexual intercourse, *Commonwealth v. Kelley*, 569 Pa. 179, 186, 801 A.2d 551, 555 (2002), however, there is no indication in the trial record that S.J. was uncertain whether Wall penetrated her with his penis or finger. As noted above, S.J. testified that Wall penetrated her with his "private parts." Wall cites to the "Post Sentence Motion Hearings," during which Wall's new counsel raised this argument for the first time.[5] Appellant's Brief, at 9. The testimony at the post sentence hearings by Wall's trial counsel in no way establishes any inconsistency in the trial testimony of the victim, and presents no relevant evidence that the victim was penetrated with a finger rather than a penis. Thus, this argument is without merit.

■ ¶ 13 In his second issue presented on appeal, Wall argues that his conviction was against the weight of the evidence. Before we address this claim, we must first determine whether it has been properly preserved for our review. Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, the following:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P., Rule 607(A), 42 Pa. Cons. Stat.Ann. "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.*, Comment.

■ ¶ 14 The docket entries do not indicate that Wall filed a post-sentence motion; additionally, the post-sentence motion to which Wall refers is not in the certified record.[6] We note, however, that the trial court held two hearings on the post-sentence motion. Furthermore, the trial court issued an opinion denying a post-sentence motion on July 21, 2005, in which it addressed Wall's weight of the evidence claim and cited to "Defendant's Post–Sen-

---

**5.** In support of this argument, Wall's brief cites to testimony taken from Mr. Wolf, Wall's trial counsel, during direct examination by Wall's new counsel, Mr. Silverstein. *See* Appellant's Brief, at 9; N.T., Post Sentence Hearing, 5/19/2005, 23–24. This testimony was taken to establish Wall's claim that his trial counsel was ineffective. *See* Trial Court Opinion, 7/21/05, at 7. This claim is not raised on appeal. *See* Appellant's Brief, at 3. During this examination, Mr. Wolf testified that despite some inconsistencies in S.J.'s statements at Jefferson Hospital, Mr. Wolf never asked S.J., nor did S.J. testify at trial, that she was

uncertain whether she was penetrated by Wall's penis or his finger. *See* N.T., Post Sentence Hearing, 5/192005, at 23. Rather, S.J. only testified that Wall penetrated her with his penis. *See* N.T., Trial, 9/10/04, at 21.

**6.** We remind Wall that it is appellant's duty to "ensure that the certified record is complete for purposes of review." *Commonwealth v. Dehart*, 730 A.2d 991, 993 n. 1 (Pa.Super.1999), *appeal denied*, 560 Pa. 719, 745 A.2d 1218 (1999).

tence Motion." Trial Court Opinion, 7/21/2005, at 5.

¶ 15 Based on the foregoing, we will infer that Wall raised the weight of the evidence claim in his post-sentence motion and thus we find that his claim is preserved. Nevertheless, Wall's claim does not warrant relief.

 ¶ 16 Our review of a weight of evidence claim is well-settled: "Before a trial court may award a new trial on the ground that the [verdict is against the weight of the evidence,] it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa.Super.2004), *appeal denied*, 583 Pa. 689, 878 A.2d 864 (2005) (citation omitted and brackets in original). After the trial court has ruled on the weight claim, however, our role, as an appellate court, is not to consider the underlying question of whether the verdict is against the weight of the evidence, but is limited to determining whether the trial court abused its discretion in ruling on the weight of the evidence claim. *See Commonwealth v. Kim*, 888 A.2d 847, 851 (Pa.Super.2005), *appeal denied*, 587 Pa. 721, 899 A.2d 1122 (2006).

 ¶ 17 Sperm was found on the panties S.J. wore the night of the rape. *See* N.T., Trial, 9/10/2004, at 144–46. A D.N.A. analysis revealed that Wall was not the donor of this sperm. *See* Commonwealth's Exhibit # 8. Wall argues that because the sperm in S.J.'s panties is not his, he could not have been the person who raped S.J. *See* Appellant's Brief, at 6, 9. We first note that the "fact-finder is entitled to believe all, part or none of the evidence adduced at trial." *Commonwealth v. Price*, 420 Pa.Super. 256, 616 A.2d 681, 685 (1992). Where an appellant argues that physical evidence is "inconsis-

tent" with a victim's testimony, but that evidence does not necessarily exculpate him, the fact-finder may entertain a defendant's alternative theory and reasonably reject it. *See id.* (upholding trial court's rejection of appellant's alternative theory that was based on the location of semen stains on victim's clothes). In such instances, we will not substitute the fact-finder's judgment with our own. *See Commonwealth v. Derr*, 841 A.2d 558, 560 (Pa.Super.2004).

¶ 18 Here, D.N.A. evidence that Wall did not supply the sperm on S.J.'s panties could establish a plausible alternative theory that contradicts S.J.'s testimony. *See Price*, 616 A.2d at 685. However, it does not require the conclusion that Wall did not rape S.J. This conclusion assumes that the person who raped S.J. deposited the sperm found in her panties. Judge Dempsey, as the fact-finder, expressly rejected this assumption, and the source of the sperm ultimately remained undetermined. *See* Trial Court Opinion, 7/21/2005, at 5, 7. Nonetheless, Judge Dempsey found S.J. to be a credible witness and was satisfied that the presence of the sperm did not contradict her testimony that Wall had sexual intercourse with her. *See id.* at 7. When considering Wall's post-sentence motion, Judge Dempsey found that these rulings were not contrary to the weight of the evidence. *See id.* at 6. Based on our review of the record, we find that the trial judge did not abuse his discretion.

¶ 19 Judgment of sentence affirmed. Jurisdiction relinquished.