J-A18030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY K. THOMAS | |
| Appellant | No. 2017 MDA 2014 |

Appeal from the Judgment of Sentence entered November 3, 2014
In the 26th Judicial District, Columbia County Branch
Criminal Division at No: CP-19-CR-0000334-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 24, 2015**

Appellant, Jeffrey K. Thomas, appeals from the judgment of sentence imposed November 3, 2014, in the Court of Common Pleas of the 26th Judicial District, Columbia County Branch.  Appellant challenges the sufficiency and weight of the evidence supporting his convictions.  Appellant also argues that the trial court, in reaching its decision, improperly relied on data not in the record.  Upon review, we affirm.

The underlying facts and procedural history of the case can be summarized as follows.  Following a report from the victim (14 years old at the time of trial), Appellant (victim's stepfather) was charged with rape of a child, statutory sexual assault, aggravated indecent assault of a child, sexual assault, and indecent assault.  On May 19, 2014, after a bench trial, the trial

court found Appellant guilty of rape of a child and indecent assault.[1]  On November 3, 2014, the trial court sentenced Appellant to an aggregate term of incarceration of 216 months to 432 months.  Appellant filed a notice of appeal on November 25, 2014.  The trial court ordered Appellant to file a concise statement of errors complained of on appeal.  Appellant timely complied.  In his statement, Appellant challenged the weight of the evidence supporting his convictions.  The trial court addressed the issue, concluding the claim had no merit.  This appeal followed.

On appeal, Appellant raises the following issues:

1. Where, despite the testimony of the alleged victim that she was raped, there was insufficient evidence to support her testimony, and in fact, much of the physical evidence was directly contrary to her testimony, is the guilty verdict of the [c]ourt against the weight and sufficiency of the evidence[?]

2. Where the [c]ourt, in a bench trial, does independent investigation and considers matters not of record, should a verdict of guilty be reversed?

Appellant's Brief at 6.

Appellant first challenges the sufficiency and weight of the evidence supporting his convictions.  Appellant waived these claims for multiple reasons.

Even a cursory reading of the question raised on appeal reveals that Appellant ignores fundamental concepts of criminal law.  Specifically,

---

[1] 18 Pa.C.S.A. § 3121(c), and 18 Pa.C.S.A. § 3126(a)(7), respectively.

Appellant ignores that sufficiency of the evidence and weight of the evidence are not identical concepts. They are different, and must be treated differently. Failure to do so may result in waiver. ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000); ***Commonwealth v. Birdseye***, 637 A.2d 1036, 1039-40 (Pa. Super. 1994) ("Because [appellants] failed to distinguish between their sufficiency and weight of the evidence claims and presented no argument regarding the weight of the evidence, we deem their weight of the evidence issue waived.").

Even if the sufficiency claim could survive the deficiencies above described, there is another reason for finding waiver. Appellant ignores that a generalized challenge to the sufficiency of his convictions, *i.e.*, not specifying what element of which crime is being challenged, results in waiver. ***See Commonwealth v. Veon***, 109 A.3d 754, 775 (Pa. Super. 2015). Here, Appellant nowhere indicated which conviction or which element of the crime he was challenging.

Finally, the sufficiency of the evidence claim is waived because Appellant failed to include it in his 1925(b) statement. ***See*** Pa.R.A.P. 1925(a)(4)(vii) ("Issues not included in the Statement . . . are waived.").

Even if we were to address the merits of the claim, we would find Appellant fails to appreciate that the victim's testimony alone, if believed, is sufficient to convict a defendant of sexual offenses, and that the victim's testimony need not be corroborated. ***See, e.g.,*** 18 Pa.C.S.A. § 3106. Thus,

even if we were to deem the claim preserved for appellate review, we would conclude it has no merit.

As articulated, Appellant's first issue ("physical evidence is contrary to victim's testimony") is a quintessential weight of the evidence claim, not a sufficiency of the evidence claim. *See, e.g., Commonwealth v. Wall*, 953 A.2d 581, 585-86 (Pa. Super. 2008). Appellant, therefore, is challenging the weight of the evidence, not the sufficiency of the evidence. A weight of the evidence claim must be raised before the trial court pursuant to Pa.R.Crim.P. 607(A).[2] Our review of the record reveals that Appellant did not timely and

---

[2] A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either (1) orally on the record, before sentencing; (2) in a written-presentence motion; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). As noted above, there is no indication in the record Appellant raised his weight of the evidence claim in compliance with Rule 607. It appears Appellant first challenged the weight of the evidence claim in his Rule 1925(b) statement, which is insufficient for preserving it for appellate review. *See Commonwealth v. Sherwood*, 982 A.2d 483 (Pa. 2009). In *Sherwood*, the Supreme Court noted:

> Regarding [a]ppellant's weight of the evidence claim[,] we note that [a]ppellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. *See* Pa.R.Crim.P. 607(A). The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

*Id.* at 494 (footnote omitted).

properly raise the weight of the evidence issue before the trial court. The claim is, therefore, waived.[3]

Assuming the weight of the evidence claim was timely and properly raised before the trial court, on appeal Appellant failed to provide any argument regarding the standard of review and how the trial court abused its discretion in denying his claim. **See Commonwealth v. Johnson**, 985 A.2d 915, 926 (Pa. 2009). The claim, in other words, would be waived, even if timely and properly raised before the trial court.

In his second claim, Appellant argues the trial court, in reaching its decision, relied on evidence outside the record. Appellant's Brief at 12 (citing Trial Court Opinion, 2/6/15, at 10 n.4). Specifically, according to Appellant, the trial court considered medical treatises not relied upon by the parties at trial. The claim is as meritless as it is misleading.

A review of the trial court's footnote n. 4, and the text accompanying the footnote reveals quite a different story. Indeed, while the trial court mentioned authorities not admitted at trial, the trial court also acknowledged that it could not rely on evidence outside the record. **See** Trial Court Opinion, 2/6/15, at 10. In fact, the trial court did not rely on said information. Rather, it based its determination on the evidence offered at

_____

[3] We also note that Appellant failed to comply with Rules 2117(c) and 2119(e). Nowhere did Appellant state how and when he raised the weight of evidence claim or how the trial court addressed it.

trial. Specifically, the trial court believed the victim's version as opposed to Appellant's version of the events. Credibility is for the trial court to decide, not us. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004) ("This Court cannot substitute its judgment for that of the [finder of fact] on issues of credibility.") (citations omitted). The claim is, therefore, without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015