J-S08041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SEAN FITZPATRICK :
:
Appellant :
No. 1258 WDA 2016

Appeal from the Judgment of Sentence August 2, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001070-2015

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED FEBRUARY 22, 2017**

Appellant, Sean Fitzpatrick, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for simple assault and harassment.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case. Therefore, we have no reason to restate them.

Procedurally, the Commonwealth filed a criminal complaint against Appellant on July 4, 2015, and a subsequent information charging Appellant with simple assault and harassment. On July 24, 2015, Appellant waived his arraignment and entered a plea of "not guilty." A jury trial ensued on July 5,

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), respectively.

2016, at the conclusion of which, the jury convicted Appellant of the charges. On August 17, 2016, the court sentenced Appellant to three to six months' imprisonment for simple assault only, to pay fines and the costs of prosecution, and to undergo mental health counseling for anger management. Appellant timely filed a notice of appeal on August 22, 2016. On August 23, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 7, 2016.

Appellant raises one issue for our review:

WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY INSUFFICIENT TO PROVE THAT [APPELLANT] WAS GUILTY OF SIMPLE ASSAULT AND HARASSMENT?

(Appellant's Brief at 7).

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005)). Section 2701 of the Pennsylvania Crimes Code defines the offense of simple assault, in relevant part, as follows:

**§ 2701. Simple assault**

(a) **Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

\* \* \*

18 Pa.C.S.A. §2701(a)(1). Section 2709 of the Crimes Code also defines the offense of harassment, in relevant part, as follows:

**§ 2709. Harassment**

(a) **Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

\* \* \*

J-S08041-17

18 Pa.C.S.A. §2709(a)(1).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Nancy D. Vernon, we conclude Appellant's sufficiency of the evidence claim merits no relief.[2] The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed October 18, 2016, at 1-6) (finding: evidence presented at trial demonstrated Appellant caused bodily injury to his two-year-old daughter by hitting her buttocks in manner that caused bruising and lacerations; although Appellant argued his actions were justified because force was used to prevent or punish his daughter's misconduct, statute on which Appellant relies does not permit any degree of corporal punishment; statute prohibits "serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation"; child's mother testified her daughter was crying throughout night, whiny, and unable to sleep in her usual position on her back; such

_____

[2] In his brief, Appellant also challenges the weight of the evidence concerning each of his convictions. We observe, however, Appellant's weight of the evidence claim is waived for appellate review because Appellant failed to preserve it. *See* Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal); **Commonwealth v. Wall**, 953 A.2d 581 (Pa.Super. 2008), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2008) (explaining claim that verdict was against weight of evidence shall be raised with trial judge in motion for new trial orally, on record, at any time before sentencing, by written motion at any time before sentencing, or in post-sentence motion, pursuant to Pa.R.Crim.P. 607(A); purpose of rule is to make clear that challenge to weight of evidence must be raised with trial court or it will be waived).

- 4 -

behavior displayed child suffered from extreme pain, mental distress, or gross degradation; moreover, court was distressed by Appellant's argument regarding his justification for use of corporal punishment of this kind on his two-year-old daughter). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017