J-S33018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY E. GARLICK | : | |
| | : | |
| Appellant | : | No. 1690 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001028-2017

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 04, 2019**

Larry E. Garlick appeals from the judgment of sentence imposed September 28, 2018, in the Luzerne County Court of Common Pleas.  On June 29, 2018, the court convicted Garlick of rape by forcible compulsion, aggravated indecent assault (complainant less than 16 years old), statutory sexual assault, and indecent assault of a person less than 16 years old.[1]  The trial court sentenced Garlick to an aggregated term of 132 to 264 months' incarceration.  On appeal, Garlick complains there was insufficient evidence to support his convictions.  For the reasons below, we affirm the judgment of sentence.

_____

[1] **See** 18 Pa.C.S. §§ 3121(a)(1), 3125(a)(8), 3122.1(b), and 3126(a)(8) respectively.

Garlick's convictions stem from the February 28, 2017, sexual assault of a 15-year-old girl, who is the daughter of his then paramour. The victim testified that on the day in question, she was asleep in her bedroom at her grandmother's house[2] where she was woken up by the presence of Garlick on top of her. N.T., 6/29/2018, at 15.[3] She stated they were chest-to-chest and she felt Garlick's fingers inside her vagina. *Id.* The victim said she froze and felt like she could not go anywhere. *Id.* at 15-16. She indicated Garlick "continued" with his fingers and put his penis inside of her. *Id.* at 16. He also touched her breasts with his hand and mouth. *Id.* The victim testified she "pushed [Garlick] off of" her and it "was kind of difficult" because he was pushing back and she "had to use strength to get him off" her. *Id.* She was finally able to get out from under him when Garlick told her "not to tell anybody." *Id.* at 17. She then walked to the bathroom with Garlick following but he did not actually go in with her. *Id.* The victim stated she later went to her grandmother's room and spoke with her grandmother and cousin about the assault, and they called the police. *Id.* at 18.

---

[2] The victim lived at the house with her mother, grandmother, and cousin. *See* N.T., 6/29/2018, at 14.

[3] The victim stated that when she went to bed that night, she was wearing a T-shirt and underwear but when she woke up, she was only wearing her t-shirt and it was pushed up. *Id.* at 19. She said she did not take off her own underwear. *Id.*

On cross-examination, the victim testified that Garlick had been dating her mother for approximately 13 years and he had never assaulted her before that night. *Id.* at 21. She indicated the entire incident lasted "[m]aybe a couple minutes," and she did not know if Garlick was able to ejaculate. *Id.* at 24-25.

The investigating officer, Detective Lieutenant William Gallagher, testified that DNA swabs were taken from Garlick and the victim's breast area and the results matched Garlick with the DNA found on the victim. *Id.* at 34. A vaginal swab was also taken but no results were determined from the test. *Id.* at 40. Furthermore, a pelvic exam was conducted on the victim and there was no physical trauma found in the region. *Id.* at 38-39.

Lastly, a Children's Advocacy Center ("CAC") evaluation and report regarding the victim was admitted into evidence, and it indicated that the victim said it "hurt" when Garlick put his finger and penis inside her. *Id.* at 44-45.[4]

On June 29, 2018, Garlick waived his right to a jury trial and the evidence, as recited above, was presented. At the conclusion of the trial, the court found him guilty of all four crimes. Subsequently, on September 28, 2018, the court imposed the following sentence: (1) a term of 60 to 120 months on the rape conviction; (2) a term of 36 to 72 months on the

---

[4] The report also stated the victim's hymen was "annular shaped, fluffy, and redundant. No recent injuries were noted." *Id.* at 45-46.

aggravated indecent assault conviction; (3) a term of 24 to 48 months on the statutory sexual assault conviction; and (4) a term of 12 to 24 months on the indecent assault conviction. All terms were to be served consecutively.[5]

Garlick did not file a post-sentence motion, but did file a *pro se* notice of appeal. On October 11, 2018, the trial court ordered Garlick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). During this time, trial counsel filed a petition to withdraw as counsel, which the court granted on October 23, 2018. New counsel was subsequently appointed, who filed a concise statement on January 31, 2019, after an extension was granted. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 13, 2018, and then a supplemental opinion on February 27, 2019.

In his sole issue on appeal, Garlick contends there was insufficient evidence to establish that he "had sexual intercourse with or vaginally penetrated the [victim], in any manner, sufficient to satisfy the elements of" rape, aggravated indecent assault, and statutory sexual assault. Garlick's Brief at 6.[6] He first points out that he had a relationship with the victim's

_____

[5] Garlick was ordered to undergo an assessment by the Pennsylvania Sexual Offender Assessment Board ("SOAB"). **See** 42 Pa.C.S. § 9799.24(a). The SOAB determined Garlick did not meet the criteria to be classified as a sexually violent predator.

[6] Garlick concedes there was sufficient evidence to support his indecent assault charge. **See** Garlick's Brief at 9.

mother for 13 years and had never previously made any sexual comments or touch her. *Id.* at 7. Next, Garlick states:

> The physical evidence is devoid of any indication that Mr. Garlick digitally or by use of his penis penetrated the [victim]. During physical examination, almost immediately after the alleged assault, no indication of trauma was found upon the complainant, be it pelvic, vaginal or upon any situs of her body. The CAC report reflected that the [victim]'s genitalia were normal.
>
> …
>
> In contrast to these findings, which occurred almost immediately after the alleged assault, on each instance of alleged penetration, the [victim] related that the penetration "hurt." Pain, occurring during the alleged assault, would at least be indicative of some for[m] of injury, however slight. Yet no indication of injury, so minor as abrasion, irritation or infla[m]mation, was noted during the physical examination.

*Id.* at 7-8 (citation omitted). Garlick also notes while his DNA was found on the victim's breast area, no DNA evidence was recovered related to him from the victim's vaginal and/or pelvic area. *Id.* at 8. Garlick concludes:

> While the evidence would support a finding that Mr. Garlick committed the act of indecent assault, taking all of the above in conjunction; the lengthy exposure or contact that Mr. Garlick had with the [victim] for [] 13 year[s], but never made a sexual overture towards [her]; the lack of physical evidence, DNA, and the absence of any form of physical findings of trauma, provide a reasonable doubt that Mr. Garlick committed the offenses of rape, aggravated indecent assault and statutory sexual assault.

*Id.*

Our standard of review regarding a sufficiency claim is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Stiles*, 143 A.3d 968, 981 (Pa. Super. 2016) (citation omitted), *appeal denied*, 163 A.3d 403 (Pa. 2016).

A defendant is guilty of rape, in relevant part, if he engages in sexual intercourse with a complainant by forcible compulsion. 18 Pa.C.S. § 3121(a). "Forcible compulsion" is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101.[7]

---

[7] Moreover,

[t]his Court has observed "forcible compulsion" as the exercise of sheer physical force or violence and has also come to mean an act of using superior force, physical, moral, psychological or intellectual to compel a person to do a thing against that person's volition and/or will. *Commonwealth v. Ables*, 404 Pa. Super. 169, 590 A.2d 334, 337 (Pa.Super.1991). A determination of forcible compulsion rests on the totality of the circumstances, including but not limited to this list of factors:

A defendant commits aggravated indecent assault, in pertinent part, if he "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" and "the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. § 3125(a)(8).

A defendant is guilty of statutory sexual assault, in relevant part, if he "engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. § 3122.1(b). "Sexual intercourse" is defined as: "In addition to its ordinary

---

the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, *domination* or custodial control over the victim, and whether the victim was under duress.

**Commonwealth v. Rhodes**, 510 Pa. 537, 510 A.2d 1217, 1226 (Pa.1986) (emphasis added). It is not mandatory to show that the victim resisted the assault in order to prove forcible compulsion. **Id**.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 720-721 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

- 7 -

meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101.

Lastly, this Court has long recognized that "[a] rape victim's uncorroborated testimony to penal penetration is sufficient to establish sexual intercourse and thus support a rape conviction." ***Commonwealth v. Wall***, 953 A.2d 581, 584 (Pa. Super. 2008), *appeal denied*, 963 A.2d 470 (Pa. 2008), *citing* ***Commonwealth v. Poindexter***, 646 A.2d 1211, 1214 (Pa. Super. 1994), *appeal denied*, 655 A.2d 512 (Pa. 1995). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." ***Commonwealth v. Hopkins***, 747 A.2d 910, 914 (Pa. Super. 2000) (citation omitted). ***See also Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006).

Here, the trial court found the following:

> [With regard to Garlick's rape conviction, a]t trial, the victim … testified that she had been sleeping and she woke up because [Garlick] was on top of her. She eventually had to push [Garlick] off her while [he] was pushing back. The victim said it was necessary to use strength to get [Garlick] off her. In addition, [Garlick]'s Exhibit 1 was a report from the Children's Advocacy Center of Northeastern Pennsylvania. During the evaluation, the victim reported that she woke up with [Garlick] on top of her. She tried to push him off but he was stopping her and she tried to move him but his hands were holding her. More than sufficient evidence was produced at trial to establish forcible compulsion beyond a reasonable doubt.
>
> …

[Garlick]'s allegation of insufficient evidence of vaginal penetration [with respect to the rape conviction] is without merit. The victim testified that [Garlick] put his penis inside her. She confirmed the penetration during cross-examination. In addition to indicating that [Garlick] put his penis inside her, the victim added that "it hurt" in the Children's Advocacy Center report. Once again, the evidence was sufficient to prove penetration beyond a reasonable doubt.

…

[With regard to Garlick's aggravated indecent assault offense, a]t trial[,] testimony was presented by the victim which established that [Garlick]'s fingers were inside of her vagina. This was confirmed by the victim on cross-examination. Again in the Children's Advocacy Center report, the victim stated that it hurt when [Garlick] put his finger in her vagina. The penetration element of aggravated indecent assault was established beyond a reasonable doubt.

…

[With respect to Garlick's statutory sexual assault conviction, a]s previously indicated, the victim testified that [Garlick] put his penis inside her. She reaffirmed this testimony during cross-examination. This incident was also described by the victim in the Children's Advocacy Center report. Sexual intercourse between the Defendant and the victim was undoubt[ed]ly established beyond a reasonable doubt.

…

Although the Children's Advocacy Center Report indicates that the victim's anogenital exam was normal, this does not mean that the sexual assault did not occur. In fact, defense counsel admitted the report as an exhibit to establish the normal exam with no physical or genital trauma. This Court observed the victim testify at trial and found her to be credible. Her testimony alone is sufficient to support a conviction. Her version of the incident is corroborated at least in part by the serology report prepared by the Pennsylvania State Police Laboratory which noted the presence of [Garlick]'s DNA on the swabs from the victim's left breast. The victim testified that [Garlick] had placed his mouth

on her breasts during direct examination. She also testified that [Garlick] licked her chest.

Having presided in this matter, it was obvious that the victim provided credible testimony. It was just as obvious that there was more than sufficient evidence presented by the Commonwealth to prove [Garlick]'s guilt on all charges beyond a reasonable doubt.

Trial Court Opinion, 2/27/2019, at unnumbered 3-6 (citations and record citations omitted).

We agree with the trial court's well-reasoned opinion. Not only is Garlick asking us to re-weigh certain evidence, particularly his previously unblemished relationship with the victim and her mother, but he also ignores the principle that the victim's uncorroborated testimony of the sexual assault, if believed by the court sitting as the finder of fact, is sufficient to convict him of the three sexual assault crimes. *See Wall*, *supra*. Indeed, as the trial court indicated above, it found the victim's testimony credible and it was within its purview to conclude that based on her testimony, Garlick used forcible compulsion and penetrated the 15-year-old victim, both with his fingers and penis, and that she was in pain as a result of his actions. Though certain circumstantial medical evidence did not demonstrate any injury to the victim's pelvic area, we again note that no medical testimony is needed to corroborate the victim's story. *See id.* Accordingly, Garlick's argument is unavailing, and the court properly found there was sufficient evidence to convict Garlick of rape, aggravated indecent assault, and statutory sexual assault.

- 10 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2019