J-S03004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERICK N. JOHNSON :
:
Appellant : No. 717 MDA 2025

Appeal from the Judgment of Sentence Entered October 10, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001671-2021

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: APRIL 16, 2026**

Appellant, Erick N. Johnson, appeals from the October 10, 2023 judgment of sentence entered in the Lycoming County Court of Common Pleas following his convictions for six counts of Rape of a Child.  Appellant challenges the discretionary aspects of his sentence as well as the sufficiency and weight of the evidence.  After careful consideration, we affirm the judgment of sentence.

In September 2021, Appellant's younger cousins, M.B. and N.H., reported to police that Appellant repeatedly raped them while babysitting them between 1992 and 1996, when Appellant would have been approximately 14 to 17 years old.[1]  The Commonwealth charged Appellant

_____

[1] The Commonwealth indicated that the parties agreed to "proceed under the assumption that everything would have occurred when [Appellant] was a juvenile[.]" N.T. Sent'g, 10/10/23, at 8.

with ten total counts of Rape of a Child, with five counts relating to each victim.[2]

At the June 9, 2023 jury trial, M.B, then 34 years old, testified that the abuse began when she was approximately four years old and continued for four or five years. She testified that "he would put his penis in [her] vagina and in [her] butt" and estimated that the abuse occurred "about 100" times. N.T. Trial, 6/9/23, at 30, 34-35. She provided specific details regarding at least three events: once when she was on his bed looking into a mirror, one incident which caused her to bleed from her anus, and one time in her aunt's house in Jersey Shore, Pennsylvania. She stated that her sister told her parents about the abuse when they were younger, but her father prevented her mother from informing the police. She explained that she eventually contacted police in hopes of preventing another child from experiencing what she "went through." *Id.* at 38.

N.H., who was 37 years old at the time of trial, testified that the abuse began when she was five years old and estimated that he penetrated her vaginally or anally over "[o]ver 25 times[.]" *Id.* at 74. She stated that she "clearly remembered" the first incident of abuse occurring in the alley behind a Kwik Fill gas station when he digitally penetrated her vagina. *Id.* at 69-70. She recounted a second incident where another cousin, Jerry, discovered Appellant with her in her room when she did not have on pants. *Id.* at 89-

---

[2] 18 Pa.C.S. § 3121(c).

90. After this incident, Appellant threatened to throw her out the window if she "told Jerry or anyone else[.]" *Id.* at 70-71. She additionally testified to a specific incident of oral sex in the attic of her house. *Id.* at 75. She detailed an incident where she experienced "unbearable" pain when he inserted his penis, wrapped in "saran wrap," into her anus. *Id.* at 76. N.H. claimed to have told Jerry's "female friend" of the abuse around the time that Jerry saw Appellant in her room and that she told her mother when she turned eighteen, but that "nothing was done." *Id.* at 77. She later reported the abuse to police after her sister provided her statement.

The Commonwealth additionally called Agent Benjamin Hitesman, in part to introduce a video of Agent Hiteman's interview with Appellant regarding M.B. and N.H.'s allegations. The court summarized the recording, stating that "Appellant answered most questions with 'I don't remember' before expanding further on certain details that did come out, such as the exploration of bodies and that sex is not an impossibility, but he just cannot recall practically anything from his childhood." Trial Ct. Op., 9/9/25, at 10. Appellant also alleged during the interview that "he was molested as a child, but that he buried the events and [did] not understand rehashing stuff that possibly happened in our childhood and why it's being brought up now." *Id.* at 9 (internal footnotes and quotation marks omitted).

At the conclusion of trial, the jury found Appellant guilty of three counts of Rape of a Child relating to M.B. and three counts relating to N.H., finding Appellant not guilty of the remaining four counts.

On October 10, 2023, the court held a sentencing hearing, at which it acknowledged reviewing the presentence investigation report ("PSI"). During the hearing, the parties agreed that Appellant had an offense gravity score of 9 and no prior record, which resulted in a standard range sentence of 36 to 60 months for each count under the "sentencing guidelines of the third edition[.]" N.T. Sent'g at 2, 7.[3] Appellant's counsel urged the court to "ignore the guidelines" and impose "probation" given that Appellant was a juvenile at the time of the offenses, had been himself molested, and had not committed any other crimes. *Id.* at 5. Appellant's paramour and her sister spoke in support of Appellant.

After hearing from both victims in the case, the court sentenced Appellant to a standard range sentence of 42 to 120 months on each of the six counts of Rape. The court imposed the three counts relating to M.B. to run concurrently and the three counts relating to N.H. to run concurrently, but it imposed the sentence relating to N.H. to be served consecutively to the sentence relating to M.B., for an aggregate of 7-20 years of incarceration. In imposing the sentence, the court expressly considered Appellant's "age at the time these occurred[,]" the "subsequent 20 years, roughly, he has remained out of the criminal system[,]" "his own trauma[,]" and "concerns with [Appellant's] mental health over the years[.]" *Id.* at 14-15. The court balanced these factors against the "age of the victims," who had been placed

---

[3] The parties agreed that Sexual Offender Notification and Registration Act did not apply to Appellant, given the dates of the offenses. *Id.* at 17-18.

in Appellant's care, and the "nature of the offense[s]." *Id.* at 15. The court explained that it imposed consecutive sentences as the case involved two victims. *Id.* at 17.

Appellant filed a direct appeal challenging the discretionary aspects of his sentence. This Court dismissed his first appeal, concluding that counsel failed to preserve his claim.[4] After Appellant filed a Post-Conviction Relief Act petition claiming ineffective assistance of counsel, the court reinstated his right to file a post-sentence motion. Appellant then filed post-sentence motions, which the court denied by operation of law on May 28, 2025. *See* Pa.R.Crim.P. 720(B)(3)(b).

Appellant filed a timely notice of appeal. Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following questions on appeal:

[1.] Whether the evidence presented at trial failed to prove every element of the crimes charged beyond a reasonable doubt, and, therefore, was insufficient to support Appellant's convictions.

[2.] Whether the guilty verdict following Appellant's trial was against the weight of the evidence presented.

[3.] Whether the trial court imposed an unreasonable sentence by sentencing [Appellant] to 84-240 months [of] incarceration without taking into consideration any of the mitigating factors provided by defense counsel.

Appellant's Br. at 7 (issues reordered and some capitalization omitted).

---

[4] ***Commonwealth v. Johnson***, 2024 WL 3634244 (Pa. Super. filed Aug. 2, 2024) (unpublished decision).

- 5 -

We first address Appellant's challenge to the sufficiency of the evidence. *Id.* at 33-37. We review claims challenging the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—"is free to believe all, part[,] or none of the evidence." *Id.* at 40 (citation omitted). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo*[,] and our scope of review is plenary." *Commonwealth v. Brooker*, 103 A.3d 325, 330 (Pa. Super. 2014) (citation omitted).

A person commits the offense of Rape of a Child if he "engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). "In addition to its ordinary meaning, [sexual intercourse] includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. "A rape victim's uncorroborated testimony to penal penetration is sufficient to establish sexual intercourse and thus support a rape conviction." *Commonwealth v. Wall*, 953 A.2d 581, 584 (Pa. Super. 2008).

In his sufficiency challenge, Appellant expressly contests the element of "penetration." Appellant's Br. at 13, 34-37. In regard to the three counts

- 6 -

relating to M.B., Appellant asserts that she alleged only that "he put his penis in my anal[,]" [*sic*] arguing that such "a vague statement" is insufficient to establish the element of penetration. ***Id.*** at 35 (citing N.T. Trial at 31). Addressing N.H.'s testimony, Appellant proffers that the victim testified that she could not remember the details of the incidents. ***Id.*** at 36. Appellant contends that the victims' "bald assertions claiming penetration, without more, are not sufficient to convict him of a crime." ***Id.*** at 35.

Appellant's claim has no merit. As set forth above, a rape victim's uncorroborated testimony is sufficient to prove the element of "penetration," as the jury is free to believe all, part, or none of the testimony. ***Wall***, 953 A.2d at 584. In this case, both N.H. and M.B. testified to Appellant penetrating them approximately 25 and 100 times, respectively. In addition, each victim detailed specific incidents involved in the progression of Appellant's abuse. Thus, the jury had sufficient evidence to convict Appellant of three counts of Rape of a Child for each of the two victims.

In his second issue, Appellant claims that the verdict was against the weight of the evidence. Appellant's Br. at 26-33. "[W]here the trial court has ruled on the weight claim[], an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." ***Id.***

A trial court reviewing a challenge to the weight of the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions" the evidence that the jury chose to believe. *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014).

Appellant argues that the convictions were against the weight of the evidence because "the testimony provided in this case was so tenuous, vague and uncertain that the verdict 'shocked the conscience,' as the victims did not testify to any specific facts or details in regard[] to any sexual intercourse." Appellant's Br. at 32. Appellant emphasizes the absence of any physical, medical or other corroborating evidence. *Id.* at 28-29. Specifically, Appellant observes that M.B. testified that she was at "doctors a lot when she was younger" and yet the Commonwealth did not seek her medical records or her school records *Id.* at 29. He complains that the Commonwealth did not interview any of the victims' family or friends to corroborate the allegations. *Id.* at 28-29.

As set forth above, the record belies Appellant's assertions and instead supports the trial court's rejection of Appellant's weight claim. The court explained that M.B. and N.H. detailed incidents that "correlate[d] with the counts on which Appellant was found guilty." Trial Ct. Op. at 23. The court

also observed that Appellant in his video interview "did not deny the allegations" and instead admitted that he and the victims "explor[ed] each other." *Id.* at 23, 22. In summary, the court opined that it did "not find that the verdict rendered was so contrary to the weight of the evidence so as to shock the conscience and justify a reversal of the jury's verdict." *Id.* at 23. We conclude that the record supports the court's analysis and, thus, that the court did not abuse its discretion in rejecting Appellant's challenge to the weight of the evidence.

Finally, Appellant challenges the discretionary aspects of his sentence. Appellant's Br. at 14-25. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, we must determine if Appellant invoked our jurisdiction, which requires us to consider (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

We recognize that Appellant timely appealed, preserved his sentencing challenge in his post-sentence motion, and included a Rule 2119(f) statement in his brief. Accordingly, we next address whether he has presented a

substantial question for our review. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and internal quotation marks omitted).

Appellant posits that his "sentence was 'excessive' in nature considering [his] age, the mitigating factors provided to the court, and the fact that if the alleged victims made these claims when [they] supposedly occurred [Appellant] would have been treated as a juvenile as opposed to an adult." Appellant's Br. at 12. Specifically, Appellant asserts that "the sentencing court abused its discretion by failing to consider [his] rehabilitative needs, failing to give due consideration to his background, and considering the protection of the public." *Id.* at 14. Based upon these claims, we conclude that Appellant raises a substantial question. *See Commonwealth v. Banniger*, 303 A.3d 1085, 1096 (Pa. Super. 2023) (concluding that "an excessive sentence claim— in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted).

It is well-established that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

An appellate court will affirm a sentence imposed within the guidelines unless it finds that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2).  In reviewing a sentence, we consider the following: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission." *Id.* at § 9781(d).

In imposing a sentence, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  *Id.* at § 9721(b).  "The court shall impose a sentence of total confinement" where the court concludes that total confinement is "necessary because:"

> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

*Id.* at § 9725.

Where, as here, a PSI exists, we presume "that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted). Finally, we defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." ***Commonwealth v. Summers***, 245 A.3d 686, 696 (Pa. Super. 2021) (citation omitted).

Appellant contends that the trial court abused its discretion in imposing a manifestly excessive sentence and failing to weigh properly the following three factors: (1) "the fact that he was a juvenile when these crimes were committed," (2) "that he was a victim of a similar crime during the same time period," and (3) "that he was completely crime free for more than twenty [] years after this occurred." Appellant's Br. at 20. He argues that the court should have imposed a sentence in the mitigated range to account for the fact that he was being sentenced at age 45 for crimes he committed when he was as young as 14, "where the delay in prosecution was through no fault of his own and resulted in him losing the protections of the Juvenile Act." *Id.* He emphasizes "that the distinctions between adults and juveniles are particularly relevant in the area of sexual offenses, where many acts of delinquency

- 12 -

involve immaturity, impulsivity, and sexual curiosity rather than hardened criminality." *Id.* at 21 (invoking the rationale of *Miller v. Alabama*, 567 U.S. 460 (2012)). Appellant posits that he "would have not done a single day in prison had these issues come to light between 1992 and 1996" and instead "would have received the rehabilitative nature of the juvenile system" to address his own trauma. *Id.* at 22, 24.

We reject Appellant's claims. As set forth above, the sentencing court, with the benefit of a PSI, imposed a standard range sentence after thoroughly considering Appellant's mitigating factors, including that Appellant was a juvenile at the time of the events, that he otherwise had a crime-free record, and that he had experienced trauma himself. The court balanced those factors against the age of the two victims as well as the "nature of the offenses." Trial Ct. Op. at 14. In so doing, the court explained that while "it may have taken 20 years for the victims' cases to be brought to court, the victims had to live with the trauma for 20 years while the Appellant was free to live his life without any consequences of his actions." *Id.* We refuse to reweigh the court's assessment of the sentencing factors and, instead, conclude that the court did not abuse its discretion in sentencing Appellant.[5]

As we reject all of Appellant's claims, we affirm the judgment of sentence.

---

[5] While Appellant does not specifically claim that he should have been subject to the Juvenile Act, rather than being tried and sentenced as an adult, we observe that Pennsylvania courts have repeatedly foreclosed such a claim. *Commonwealth v. Torres*, 303 A.3d 1058, 1062 (Pa. Super. 2023).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2026